[No. 1691. Decided June 20, 1895.]

EBEN F. BUCKLIN, *Respondent*, v. EDWARD MILLER, *Appellant*.

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of a jury will not be disturbed on appeal, if there is any testimony which warrants their conclusion, however much the testimony to the contrary may preponderate.

*Appeal from Superior Court, King County.*

*W. D. Lambuth,* and *Winsor, Bush & Morris,* for appellant.

*Robinson & Rowell,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover an amount alleged to be due for services as master of a steam tug owned by the appellant. Among the items sought to be counterclaimed by the defendant was one for about $400, which he had been compelled to pay as a fine imposed upon said tug for violation of the revenue laws of the Dominion of Canada, which it was alleged had been so imposed by reason of the gross negligence of the respondent as master of the steamer. The jury returned a verdict in favor of plaintiff for the

entire amount claimed, and the only ground relied upon for reversal is that this counterclaim was so fully established by the proofs that the verdict of the jury which disallowed it was unsupported by the evidence and should not be allowed to stand.

It is practically conceded by both parties that the plaintiff, as master of the vessel, would be liable to its owner for a fine thus imposed if the liability therefor was occasioned by his negligence. The undisputed proofs established the fact that the owner had paid the amount on account of the imposition of such fine, and the disputed question, as to which it is necessary for us to examine the proofs, is as to whether or not it so clearly appeared therefrom that the plaintiff's negligence was the cause of the imposition of the fine that the verdict of the jury finding to the contrary must be set aside. This being so, under well settled rules the verdict and judgment must be sustained, if there was any testimony which would warrant the jury in coming to the conclusion to which it did, however much the testimony to the contrary might preponderate.

An investigation of the proofs in the record in the light of this rule will lead to an affirmance of the judgment. The evidence of the plaintiff so explained his conduct at the time the fine was imposed that the jury might reasonably infer therefrom that his action on that day was with all the care and prudence which he was called upon to exercise; for, while it is true that the fact that the fine was imposed might *prima facie* establish the fact of fault on the part of the master, yet this *prima facie* presumption could be explained, and, in our opinion, the testimony of the plaintiff so explained it that the jury were justified in coming to the conclusion that they did. Besides, the

fact that the plaintiff was not informed that the amount of this fine had been, or would be, charged against him until long after he had quit the employ of the appellant, as to which there is such proof in the record as to warrant the jury in so finding, was so suspicious a circumstance that it, to a certain extent, discredited the claim of the appellant and warranted the jury in interpreting the testimony in relation thereto as favorably for the plaintiff as its tenor would permit.

Judgment affirmed.

ANDERS, DUNBAR, SCOTT and GORDON, JJ., concur.