[No. 1886.   Decided January 21, 1896.]

C. P. MILLER, *Respondent*, v. C. O. BEAN *et al., Appellants.*

### APPEAL — SUFFICIENCY OF EVIDENCE — CUSTOM.

The verdict of a jury will not be set aside upon appeal, where there is a substantial conflict in the testimony, especially whén the trial judge, who heard and saw the witnesses testify, has declined to interfere with the verdict.

In an action by an employee against a partnership engaged in engineering and surveying business to recover for services as a surveyor, evidence on the part of defendants is inadmissible for the purpose of showing a, custom of one of the defendants, prior to the partnership, of not paying his men until pay had been received from persons ordering surveying work done.

Appeal from Superior Court, Pierce County — Hon. JOHN C. STALLCUP, Judge.   Affirmed.

*T. W. Bean,* and *Claypool, Cushman & Cushman,* for appellants.

*Thomas Carroll,* and *Hagerman & Carroll,* for respondent.·

The opinion of the court was delivered by

GORDON, J.—Respondent began this action in the superior court of Pierce county to recover compensation for services as a civil engineer and surveyor, alleged to have been rendered by him to the appellants, and· also for like services rendered to the appellants by one G. L. Miller, an account for which last mentioned services was assigned by the said G. L. Miller to the respondent prior to the commencement of the action.   To each of said causes of action the appellants filed a general denial, and upon trial a verdict was rendered for the respondent, and thereafter judg-

ment was entered upon it in his favor for the sum of
$693.55, from which judgment and from an order
denying a new trial appellants prosecute this appeal.

The principal contention of appellants is that the
evidence upon the trial was insufficient to justify a
verdict and that the amount of the recovery was too
great. We have carefully examined all of the evi-
dence submitted upon the trial, and from such ex-
amination we find that there was a substantial conflict,
such as under well settled rules forbids our interfering
with the verdict. The learned judge who presided
upon the trial and heard the testimony of the wit-
nesses has declined to interfere with the verdict,
which affords additional reason why this court should
not.

In *Bucklin v. Miller*, 12 Wash. 152 (40 Pac. 732),
this court said that:

"  . . .  the verdict and judgment must be sus-
tained, if there was any testimony which would war-
rant the jury in coming to the conclusion to which it
did, however much the testimony to the contrary
might preponderate."

It would be of little service to enter upon an analysis
of the evidence, and we pass from this branch of the
case without further comment. The only remaining
question to be considered relates to an offer of counsel
to prove the custom of the appellant Bean with refer-
ence to the assumption of liability by him, while en-
gaged in business of his own prior to the formation of
appellants' partnership, for services similar to those
for which the respondent is claiming compensation in
this case; appellants contending that while the services
for which respondent was claiming compensattion in
this case were actually rendered, nevertheless, the
same were not to be paid for by appellants' firm until

said firm obtained from the person ordering the work from it, pay for such work. The lower court sustained an objection to this offer, and we think rightfully. No complaint is made as to any other ruling by the trial court nor as to the charge given to the jury, and we conclude that the judgment should be, and it is, affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.