23  669
l 34  160
.e34  161
· 34  502

[No. 3383.   Decided January 3, 1901.]

GEORGE J. REINER, *Appellant,* v. WILLIAM A. CRAW-FORD, *Respondent.*

EVIDENCE—VARIATION OF WRITTEN CONTRACT BY PAROL—WHEN ADMISSIBLE.

Although parol evidence is inadmissible to vary or contradict the terms of a written instrument, it is admissible for the purpose of showing that such written instrument never became operative as a contract, because of a separate oral agreement constituting a condition precedent to the attaching of any obligation thereunder.

APPEAL—ERRONEOUS INSTRUCTIONS—EXCEPTIONS.

Error of the court in giving an instruction cannot be urged on appeal unless exception was taken thereto.

SAME—REQUESTED INSTRUCTIONS—WAIVER OF ERROR.

Where an erroneous charge is given to the jury as requested by appellant, he cannot urge the error as prejudicial.

PREPONDERANCE OF EVIDENCE—QUESTION FOR JURY.

The verdict of the jury will not be disturbed on appeal, if there is substantial evidence supporting it, since it is a question for the jury to determine on which side the evidence preponderates.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge.   Affirmed.

*Winston & Winston* and *Myers & Warren,* for appellant.

*H. N. Martin,* for respondent.

·The opinion of the court was delivered by

FULLERTON, J.—This is an action brought by the appellant against the respondent to recover damages alleged to have accrued by reason of the failure of the respondent to comply with the terms of a written contract, by the terms of which the respondent agreed to sell and deliver to appellant certain shares of stock in the Deer Trail No. 2 Mining Company. The instrument sued on was executed at Davenport, Washington, and the shares of stock at that time were in the hands of the respondent's agent at Spokane, Washington, who had authority to sell and contract for the sale of the same. The respondent in his answer to the complaint admitted the execution of the instrument, but denied that it ever became operative, averring that it was delivered to appellant upon the express understanding and condition that it was not to take effect if the respondent's agent at Spokane had sold the stock, or entered into a contract for the sale of the same, prior to the time the appellant reached Spokane and notified the agent of the contract of purchase; further averring that in fact the agent had contracted to sell the stock on the day preceding the execution of the writing sued on, and that the shares of stock were delivered to the purchaser prior to the time appellant reached Spokane. Issue was taken on the answer, and a trial was had before the court and a jury, resulting in a verdict and judgment for the respondent.

On the trial the court permitted the respondent, over the objection of the appellant, to prove by oral evidence the conditional delivery of the writing. This is assigned as error, being, it is contended, in violation of the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument. But we think the rule invoked is not applicable to the question here suggested. To

show that a writing in the form of a contract was delivered to take effect on the happening or the not happening of a condition, and that the condition on which it was made to depend has happened or has not happened, as the case may be, does not in any true sense contradict the terms of the writing or vary their legal import, but is, rather, the showing of a separate agreement constituting a condition precedent to the attaching of any obligation under the writing.    In other words, while parol evidence is inadmissible to vary or contradict the terms of a written instrument, such evidence is admissible to show that a writing in the form of a contract never became operative as a contract.    This principle is generally approved by the authorities.    2 Wharton, Evidence (3d ed.), § 927; *Wilson v. Powers,* 131 Mass. 539; *Ware v. Allen,* 128 U. S. 590 (9 Sup. Ct. 174); *Burke v. Dulaney,* 153 U. S. 228 (14 Sup. Ct. 816); *Benton v. Martin,* 52 N. Y. 570; *Reynolds v. Robinson,* 110 N. Y. 654 (18 N. E. 127); *McFarland v. Sikes,* 54 Conn. 250 (7 Atl. 408, 1 Am. St. Rep. 111); *Cleveland Refining Co. v. Dunning,* 115 Mich. 238 (73 N. W. 239); *Merchants' National Bank v. McAnulty,* 31 S. W. 1091; *Bourke v. Van Keuren,* 20 Colo. 95 (36 Pac. 882); *Hurlburt v. Dusenbery,* 26 Colo. 240 (57 Pac. 860).

The second contention is that the trial court erred in instructing the jury that they would be warranted in finding for the defendant if they found by a preponderance of the evidence that the contract was delivered on the condition set out in the answer, whereas, it is said the court should have instructed the jury that they could not find for the respondent unless they found by clear and convincing proof that the contract was so conditionally delivered.    Conceding the law to be as the appellant here contends, there are two reasons why the objection cannot

avail him. No exception was taken by him to this part of the charge of the court; and an inspection of the record shows that the charge was given in this form at his request.

Lastly, it is insisted that the verdict of the jury is contrary to the evidence. On this branch of the case the appellant argues that a conditional delivery of the contract is not shown by even a preponderance of the evidence, when nothing less than clear and convincing proof is sufficient. On which side the evidence preponderated was a question for the jury, and this court, as we have repeatedly held, will not weigh the evidence for the purpose of determining whether or not the jury arrived at a correct conclusion. We will do no more than examine the record, and, if we find some substantial evidence supporting the verdict, will not disturb the jury's finding. Whether the jury should have been instructed to find for the respondent on a preponderance of the evidence, or on clear and convincing proof, was a question of law, which the appellant should have raised at the trial in the court below before the cause was submitted to the consideration of the jury. By requesting, as he did, that the jury be instructed that they might find on this issue on a preponderance of the evidence, the appellant waived his right to predicate error thereon, either on a motion for a new trial, or on appeal to this court.

The judgment is affirmed.

DUNBAR, C. J., and REAVIS, J., concur.