[No. 4331. Decided October 28, 1902.]

F. V. PIERCE, *Appellant,* v. COMMERCIAL INVESTMENT COMPANY *et al., Respondents.*

GARNISHMENT — LIABILITY OF SHERIFFS — STATUTES — REPEAL.

Laws 1885-86, p. 43, § 19 (Bal. Code, § 5367), which provides that a sheriff or constable may be garnished for money of the defendant in his hands, was not repealed by the later enactment on the subject of garnishments, when such subsequent act (Laws 1893, p. 95) contained no provision respecting the garnishment of public officers, and its repealing clause merely provided that "all acts and parts of acts in conflict with this act be and the same hereby are repealed."

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge. Reversed.

*Stanton Warburton,* for appellant.

*T. O. Abbott,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Appellant in the court below garnished the sheriff of Pierce county, claiming that he, the said sheriff, had funds in his hands belonging to respondents. The sheriff moved to dismiss the garnishment proceedings on the ground that, as sheriff of Pierce county, and a public officer, he cannot be garnished. This motion was sustained by the court and the cause dismissed. So that it will be seen that there is but one point to be determined in this case, viz., can a sheriff be garnished for moneys in his hands received by him in the discharge of his official duty?

Appellant cites in support of his claim §5367, Bal. Code, which provides that a sheriff or constable may be garnished for money of the defendant in his hands, and cites also *Russell v. Millett,* 20 Wash. 212 (55 Pac. 44). But while a garnishment in that case was sustained by this court, the question of the legality of the garnishment in that particular was not raised by the briefs in the case. The cause was decided on other grounds, and under the circumstances this court would not feel bound by that decision. But outside of that case, we are inclined to think that under existing laws the sheriff may be garnished. Section 5367, *supra,* is § 19 of Laws of 1886, p. 43. It is contended by the respondents that the act of 1893 (Laws 1893, p. 95), entitled "An act in relation to garnishments," being a complete act within itself, repeals all the provisions of the act of 1886 in relation to garnishment. It will be observed that the repealing clauses of the act of

18-30 WASH.

1893 and that of 1886 are essentially different. The re-
pealing clause of the act of 1893 (Laws 1893, p. 102, § 27)
is as follows: "All acts and parts of acts in conflict with
this act be and the same hereby are repealed;" while the
repealing clause of the act of 1886 is much more sweeping,
providing that certain chapters of the Code shall be re-
pealed, "and all other laws heretofore enacted upon any
subject matter contained in this act be and the same are
hereby repealed," excepting only actions pending at the
time of the passage of the law. (Laws 1885-86, p. 46,
§ 38). So that by the repealing act of 1886 it was the ex-
pressed intention of the legislature to repeal all acts upon
the subject matter therein contained enacted, and make a
complete law governing attachments and garnishments.
But not so with regard to the act of 1893. The repealing
clause in that act added nothing, for all acts in conflict
would be abrogated anyway by the subsequent and later
act; so that the pertinent question is, is § 19 of the law of
1886 in conflict with any of the provisions of the subse-
quent act of 1893? Counsel cites several cases decided by
this court, among which is *Wooding v. Puget Sound Na-
tional Bank,* 11 Wash. 527 (40 Pac. 223), where it is
claimed that this identical law in question was construed
in respondents' favor. In that case a writ of attachment
was issued, and the sheriff gave notice to the respondents
in writing that all debts, credits, moneys, or other personal
property in their possession, or due by them or either of
them to one William White, were levied upon, and request-
ing each of the respondents to furnish him with a memor-
andum thereof, which they failed to do. Nothing, how-
ever, was done in the case for more than two years, and the
respondents were cited to appear and answer respecting
such debts and property. They appeared, and moved to

dismiss the proceedings in garnishment on the ground that any rights which the appellant had acquired by reason of the service of the writs of garnishment had become barred by the lapse of time and the statute of limitations. This court decided that the respondents could not be held upon the merits, and also that the appellant had lost his right under the writs of garnishment by reason of the lapse of time. It is true the court further said that the attachment-garnishment law under which the first proceedings were had was repealed before the respondents were cited to appear and testify, and that the act of 1893 contained no saving clause, and, inasmuch as the repeal was absolute and unconditional, the effect was to quash all pending proceedings. But this was simply as to a question of proceeding. Section 19 of the act of 1886 does not seem in any way to be connected with the procedure. It is independent of the rest of the act, and would have constituted a complete act within itself if the legislature had seen fit so to enact it. The act of 1893 seems to be an act the office of which is to point out a procedure, and deals exclusively with the procedure. It does not undertake to prescribe who may or may not be garnished, but simply provides what the procedure shall be when any one is garnished. And § 19 is in no way in conflict with it.

The case of *Northern Pacific R. R. Co. v. Haas,* 2 Wash. 376 (26 Pac. 869), only holds that the intention of the legislature in enacting laws should be ascertained, and, if it sufficiently appears that it was intended that a subsequent general law should supersede all prior legislation upon the same subject, general or special, though not expressly so stated, effect should be given to such purpose. There is no doubt of the correctness of this rule, and of the general rule that subsequent enactments which are in con-

flict with prior enactments repeal by implication the prior enactment. The case of *Stetson-Post Mill Co. v. Brown,* 21 Wash. 619 (59 Pac. 507, 75 Am. St. Rep. 862), is simply an announcement of this rule, the court in that case holding that the subsequent act was complete within itself, and stating that the provisions in relation to the notice were in conflict with the express provisions of the later act, and were therefore repealed. The same may be said of the other cases cited by appellant. The object of the garnishment proceeding enacted in 1893 was to give a readier remedy by garnishment than was provided in the act of 1886. In the act of 1886, in which garnishment proceedings are coupled with attachment proceedings, the attachment affidavit had to be to the effect that the defendant was about to remove his property from the territory fraudulently, or had fraudulently assigned, secreted, or disposed of the same, or was fraudulently about to convert his property into money for the purpose of placing it beyond the reach of creditors, or was guilty of fraud in contracting the debt, etc., and this affidavit was the basis of the garnishment proceedings. It was thus made difficult to secure property by garnishment under that act; and the act of 1893, more liberal in respect to the procedure, was enacted. In any event, there seems to us to be no conflict between the act of 1886, in relation to who may be garnished, and the subsequent act of 1893, providing a garnishment procedure. We conclude, therefore, that the law providing for the garnishment of sheriffs and constables was not repealed by the subsequent act of 1893, and that the court erred in sustaining the motion to dismiss.

The judgment will be reversed, and the cause remanded, with instructions to the lower court to overrule the motion.

REAVIS, C. J., and MOUNT, ANDERS and FULLERTON, JJ., concur.