[No. 4953.   Decided February 26, 1904.]

JOHN O'CONNOR, *Appellant,* v. F. M. LIGHTHIZER *et al.,*
*Respondents.*[1]

APPEAL—DISMISSAL—PARTIES—SURETIES ON COST BOND WHEN NOT NECESSARY PARTIES—JUDGMENTS AGAINST.   Without express statutory authority, a judgment can not be entered against sureties on cost bonds in the same action in which the bond is filed, but the sureties are entitled to their day in court, and are not parties appearing in the action upon whom notice of appeal need be served, in the absence of any judgment against them (*Brockway v. Abbott* [*post*], 74 Pac. 1069, overruled).

SAME—VOID JUDGMENT—APPEALABLE.   Where the court had entered a void judgment against sureties on a cost bond, they may appeal, and they are accordingly necessary parties upon whom notice of appeal must be served.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE OF SALE—DEFENSES—CONTRACT INDUCED BY FRAUD—PAROL EVIDENCE CONTRADICTING WRITING TO SHOW FRAUD.   In an action for the specific performance of a contract to convey land, an answer alleging fraud and false representations in procuring the written contract and showing a different consideration from that expressed, is not de-

[1]Reported in 75 Pac. 643.

murrable because it shows a different oral agreement varying the terms of the written contract, since oral testimony to vary the terms of a writing is admissible to show that it was induced by fraud and never became operative as a valid contract.

SAME—CONDITIONS PRECEDENT. The same rule applies to conditions precedent, parol evidence being admissible to show that the contract never took effect by reason of the failure of conditions which were to be first performed by the other party.

SAME—SUFFICIENCY OF ANSWER—FRAUDULENT REPRESENTATIONS AS TO FUTURE AND EXISTING FACTS. In an action for the specific performance of a written contract to sell land for the stated price of $1,500, an answer alleging fraud in procuring the contract is not insufficient on the theory that the representations relate to future acts to be performed, where it is alleged that plaintiff represented that he was interested with T, a banker in a neighboring city, in the establishment of a bank and loan company for which the land was being purchased, and that upon the organization of the bank the balance of the purchase price, $1,500, would be paid in stock in the bank, and that the defendant would be made president of the loan company at a salary of $2,000 a year, all of which was false; since the false representations as to plaintiff's connection with T relate to existing facts which were inducements to entering into the contract.

SAME—DUTY OF VENDOR TO INVESTIGATE. Such answer is not insufficient on the theory that defendant might have investigated and ascertained the truth, where it appears that the representations were made at H, some distance from the city where the banker T resided, and that plaintiff was then at H claiming to represent T, since reasonable means for investigation were not at hand at the time.

Appeal from a judgment of the superior court for Lincoln county, Richardson, J., entered September 11, 1903, after a trial on the merits before the court without a jury, dismissing an action for the specific performance of a contract to convey real estate. Affirmed.

*H. N. Martin* and *Happy & Hindman,* for appellant. The plain terms of the writing expressing the consideration could not be varied by evidence of a parol contemporaneous agreement. *Milich v. Armour Packing Co.,* 60 Kan. 229,

56 Pac. 1; *Baum v. Lynn,* 72 Miss. 932, 18 South. 428; *Hubbard v. Marshall,* 50 Wis. 322, 6 N. W. 497; *Catlin v. Harris,* 7 Wash. 542, 35 Pac. 385; *Ross v. Portland etc. Spice Co.,* 30 Wash. 647, 71 Pac. 184; *Osburn v. Dolan,* 7 Wash. 62, 34 Pac. 433; *Tyson v. Neill* (Idaho), 70 Pac. 790; *Gordon v. Parke etc. Mach. Co.,* 10 Wash. 18, 38 Pac. 755; *Barnes v. Packwood,* 10 Wash. 50, 38 Pac. 857; *Staver & Walker Co. v. Rogers,* 3 Wash. 603, 28 Pac. 906. The representations related to future acts, and an action for fraud must be based on statements respecting past or existing facts. *Tacoma v. Tacoma Light & W. Co.,* 16 Wash. 288, 47 Pac. 738; *Farris v. Strong,* 24 Colo. 107, 48 Pac. 963; *Day v. Ft. Scott Inv. & Imp. Co.,* 153 Ill. 293, 38 N. E. 567; *Witt v. Cuenod,* 9 N. M. 143, 50 Pac. 328; *Langdon v. Dowd,* 10 Allen 433; *Jackson v. Allen,* 120 Mass. 64; *Sawyer v. Prickett,* 19 Wall. 146; *Gordon v. Butler,* 105 U. S. 553. The respondent was bound to investigate and ascertain the truth. *Washington Cen. Imp. Co. v. Newlands,* 11 Wash. 212, 39 Pac. 366; *Slaughter's Adm'r v. Gerson,* 13 Wall. 379; *West Seattle Land & Imp. Co. v. Herren,* 16 Wash. 665, 48 Pac. 341; *Samson v. Beale,* 27 Wash. 557, 68 Pac. 180; *Walsh v. Bushell,* 26 Wash. 576, 67 Pac. 216; *Griffith v. Strand,* 19 Wash. 686, 54 Pac. 613; *Sherman v. Sweeny,* 29 Wash. 321, 69 Pac. 1117.

*Myers & Warren,* for respondents.

HADLEY, J.—The appellant (plaintiff below) filed a bond in the superior court to secure costs. Respondents now move to dismiss this appeal on the ground that the sureties upon the cost bond were not served with notice of the appeal, and have not joined therein. In support of the motion we are referred to *Cline v. Mitchell,* 1 Wash. 24, 23 Pac. 1013; *Carstens v. Gustin,* 18 Wash. 90, 50 Pac. 933;

*State ex rel. Billings v. Port Townsend,* 27 Wash. 728, 67
Pac. 1135; *Pierce v. Commercial Inv. Co.,* 30 Wash. 272,.
70 Pac. 496, and *Brockway v. Abbott (post),* 74 Pac..
1069.

We have arranged the cases above in the chronological
order of the respective decisions, and the last three cases.
cited involve sureties upon cost bonds. In each of those
cases the motion to dismiss the appeal was granted upon
the theory that the principle followed in *Cline v. Mitchell*
and *Carstens v. Gustin, supra,* applied to the later cases.
No discussion appears in the later cases, but the former
ones are merely cited as decisive of the question of dis-
missal. In the case at bar, and in others submitted at the
recent term of this court, the contention was earnestly made
that the later decisions above named were erroneous, and
not controllable by the former ones mentioned. We there-
fore decided to re-examine the question.

In *Cline v. Mitchell* a bond had been given on appeal
from justice court to the district court. The district court
entered judgment against the sureties upon the appeal
bond. This court held that they were properly parties to
the judgment in the district court, and should have been
served with notice of appeal. The district court was, how-
ever, expressly authorized by statute to enter the judgment
against them, under § 1867 of the Code of 1881, which is
as follows:

"In all cases of appeal to the district court, if on the
trial anew in such court, the judgment be against the appel-
lant, in whole or in part, such judgment shall be rendered
against him and his sureties in the bond for the appeal."

The action in *Carstens v. Gustin* was one of claim and
delivery. Personal property had been levied upon, and
the claimant filed an affidavit of ownership, and gave bond
under the terms of §§ 5262-5266, Bal. Code. Judgment

was entered in that proceeding against the sureties upon the bond, and it was held here that the sureties were parties to the judgment, and should have had notice of the appeal. The lower court was, however, expressly empowered to enter the judgment under the terms of § 5266, *supra,* as follows: ". . but if he shall not maintain his title, judgment shall be rendered against him and his sureties for the value of the property, . ." Thus in each of the cases of *Cline v. Mitchell* and *Carstens v. Guslin,* there was direct statutory authority for entering judgment against the sureties in the special proceedings there involved.

The only statutory provisions relating to the bond for costs in the superior court, of which we have any knowledge, are found in § 5186, Bal. Code. That statute makes no provision for the entry of judgment as of course against the sureties, in the same action in which the bond is filed. Without such express statutory authority as entering into, and becoming a part of, the contract in the bond, whereby the sureties consent to such judgment, we believe judgment cannot be entered against them; and they are not, therefore, parties appearing in the action upon whom notice of appeal is required, within the meaning of § 6504, Bal. Code. Not being persons against whom judgment may be entered as of course by statutory authority, they are entitled to their day in court. An attempt to enter an of-course judgment against the sureties is without notice and void; but one may appeal from even a void judgment for the purpose of having it judicially determined as void. When, therefore, the court has actually entered judgment against the sureties upon a cost bond, even though void, we believe the better rule to be that they shall be served with notice of appeal, in order that all who may appeal shall be joined.

In *State ex rel. Billings v. Port Townsend,* and *Pierce v. Commercial Investment Co., supra,* judgment was actually rendered against the sureties, but such was not the case in *Brockway v. Abbott, supra.* We think, for the reasons stated, that all the cases cited were properly decided, except *Brockway v. Abbott,* and that case is now overruled. In the case at bar there was no judgment against the sureties. It was therefore not necessary to serve them with notice of appeal, and the motion to dismiss is denied.

Appellant brought this action to enforce specific performance. On the 27th day of December, 1902, the respondent Lighthizer was the owner of certain real estate in the town of Harrington, in Lincoln county. On that day he signed and delivered to appellant an instrument in writing of which the following is a copy:

"In consideration of twenty-five dollars cash to me in hand paid and of the agreement to pay fourteen hundred and seventy-five dollars, on receipt of a deed and abstract showing good and sufficient title, I hereby agree to sell and convey to Mr. John O'Connor, the second room and building in the Empire block in Harrington, Wash., at an agreed price of $1,500, fifteen hundred dollars, being the second room from the alley, and adjoining the postoffice in said block, this bargain and sale being subject to a certain mortgage of $4,500, held by Baker & Baker of Walla Walla, Wash., mortgagees, and the fifteen hundred dollars is to be paid to Messrs. Baker & Baker, mortgagees, and to apply on the said mortgage of $4,500. And the said mortgagees are to release the said sold property to the said John O'Connor, being a strip of ground sixteen feet wide and 100 ft. deep."

The complaint alleges the payment of the $25 cash, the readiness and willingness of appellant to pay the remainder of the $1,500, and the refusal of Lighthizer to convey the land. Other respondents were also made defendants on the theory that they are subsequent and fraudulent grantees

of Lighthizer and conspirators with him for the purpose of avoiding the conveyance claimed by appellant. The answer of Lighthizer denies the material allegations of the complaint, and affirmatively alleges, that appellant obtained said writing from him through fraud; that, on the day first mentioned, appellant came to the office of Lighthizer and represented that he desired to buy a building in which to start a bank and loan company; that he inquired the price of the property described in the writing set out above; that Lighthizer informed him he would sell the property for $3,000; that appellant then stated that he and one Mr. Twohy, president of the Old National Bank of Spokane, were jointly interested in the banking business and in the establishment of a number of banks in Lincoln county, the chief of which was to be established at Harrington; that Mr. Twohy desired to procure a bank building in Harrington for as little cash outlay as possible, and would pay the balance of the purchase price in stock in the bank thereafter to be established; that, if Lighthizer would consent to sign a written contract for the consideration of $1,500, the remaining $1,500 would be paid in stock from the bank; that, as a further inducement to Lighthizer to sign the agreement, appellant represented that he had organized a loan company, and would establish its headquarters in the town of Harrington, and would make Lighthizer its president at an annual salary of $2,000, which loan company was to be established in a room belonging to Lighthizer and adjacent to said bank; that all of said statements and representations were believed by Lighthizer and implicitly relied upon by him, while in truth they were false, and known by appellant to be false; that thereafter Lighthizer ascertained that appellant had no business relations or connections whatsoever with said Twohy; that appellant did not intend to establish any bank or loan com-

pany in Harrington, and such has not been established; that Lighthizer thereafter returned to appellant the $25 paid at the time the writing was signed, and afterwards, for a valuable consideration and in good faith, sold said property to respondent A. C. Billings.

A further affirmative answer of respondent Lighthizer is to the effect that said writing was signed and delivered to appellant upon the conditions, and not otherwise, that the contract should have no force or effect unless appellant should proceed immediately after its execution to organize a bank and loan company in the town of Harrington, should make Lighthizer president of such loan company at a salary of $2,000, and should also deliver to Lighthizer stock in the proposed bank to the extent and value of $1,500.

Appellant demurred generally to each of Lighthizer's affirmative defenses which have been substantially stated above. The demurrer was overruled as to each defense. Issue was joined by reply, and other defendants answered, denying the allegations of the complaint as to the conspiracy. The cause was tried by the court without a jury, and decree entered denying any relief to appellant, and adjudging costs against him. From that decree he has appealed.

It is first assigned that the court erred in overruling the demurrer to Lighthizer's first affirmative defense. It is urged that the defense presents a case of an attempt to contradict and vary the terms of a written instrument, and that it is apparent from the face of the pleading that proof thereof must be made by parol testimony. Whatever may be said of the averments of the pleading as to a contract different from that stated in the writing, it nevertheless does state that the contract was induced by fraud. If so, it

was void from the beginning, it never became a contract, and parol proof is permissible to establish the fraud.

"In other words, while parol evidence is inadmissible to vary or contradict the terms of a written instrument, such evidence is admissible to show that a writing in the form of a contract never became operative as a contract. This principle is generally approved by the authorities." *Reiner v. Crawford,* 23 Wash. 669, 671, 63 Pac. 516, 83 Am. St. 848.

Many authorities are cited in support of the above. In that case it was held, that oral evidence was admissible to show that a writing in the form of a contract was subject to a condition precedent to the attaching of any obligation thereunder; that, if the condition precedent failed, there was in fact no contract; and that such oral testimony did not vary the terms of any contract. The rule is equally as applicable here where the effect of the pleading is to aver that no contract ever existed because of fraud. Oral proof of fraud does not vary the terms of a valid written instrument, when the instrument involved was induced by fraud, and therefore never became a valid or operative one.

Appellant further urges that the pleading is bad as presenting a case for relief on the ground of fraud, in that its allegations relate to acts to be performed in the future, and not to present or past facts. It is true it does contain allegations as to future acts and, if it were confined entirely to these, the point urged would become serious. But it also contains averments as to existing facts which are very material. It alleges that appellant stated that Mr. Twohy desired to enter upon the banking and loaning enterprise in Harrington, and that appellant represented him for the purpose of effecting the necessary purchase, and was therefore associated with Mr. Twohy in the contemplated business. These statements as to Twohy, under the averments in the pleading, became inducements to make the writing in

question. They related to existing facts, viz., that Twohy was then arranging to embark upon the business at Harrington, and that appellant was at that time duly authorized by Twohy to act in his behalf.

Appellant, however, further urges in this connection that Lighthizer should not have relied upon appellant's statement, but should have investigated the truth for himself before acting. Several decisions of this court are cited to the effect that one will not be granted relief from alleged fraud when it appears that the means for easily ascertaining the truth are at hand, and that the complaining party fails to avail himself thereof. But such conditions, we think, are not presented by this pleading. The pleading shows that Mr. Twohy was the president of a bank in Spokane, and while it is not expressly alleged that he was not in Harrington on that day, where Lighthizer could have communicated with him, yet in view of the allegations as to appellant's claim that he was in Harrington to represent Twohy, we think it sufficiently appears upon the face of the pleading, and as against demurrer, that the reasonable means for ascertaining the truth were not immediately at hand. We think, therefore, that the demurrer to the first affirmative defense was properly overruled.

It is next assigned that the court erred in overruling the demurrer to Lighthizer's second affirmative defense. That defense, it will be remembered, states that certain conditions precedent were to be performed before the writing in question should become an operative contract, and that such precedent conditions were not performed. This defense comes squarely within the rule of *Reiner v. Crawford, supra,* and which has already been discussed. Under that rule parol evidence is permissible here to show the conditions precedent, and if by reason of the failure of the conditions the writing never became an operative contract,

11-34 WASH.

then the oral testimony does not contradict or vary the terms of a written contract.

It is next assigned that the court erred as to its judgment upon the facts. No specific findings of fact or conclusions of law were entered other than as contained in the decree itself. The decree simply denies appellant any relief, and judgment for costs is awarded against him. We have examined the evidence, and we believe that it is sufficient to support the decree of the court. We think it unnecessary to discuss the evidence here. It is sufficient to say that, while there is some conflict, we believe the evidence upon the subject of fraudulent representations and of conditions precedent, within the rules hereinbefore discussed upon demurrer, warranted the court's judgment.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT and ANDERS, JJ., concur.