[No. 4979.    Decided April 4, 1904.]

BERNARD LAWSON *et al., Respondents,* v. SEATTLE & REN-
TON RAILWAY COMPANY, *Appellant.*[1]

TRIAL—VERDICT—WEIGHT OF EVIDENCE.   A verdict should not
be set aside because against the weight of the evidence, where
there is a substantial conflict on material points, especially where
the trial judge who heard the witnesses refused to interfere.

CARRIERS — PASSENGER THROWN FROM STREET CAR — CONTRIBU-
TORY NEGLIGENCE—INTOXICATION OF PLAINTIFF—INSTRUCTIONS.   In
an action by a passenger for personal injuries sustained by being
thrown from the running board of a street car, in which there
was some evidence to show that the plaintiff was intoxicated at
the time, it is not error to instruct that if the plaintiff used that
degree of care incumbent upon him under the circumstances, then
his intoxication would not prevent his recovery, and that the
question was not whether he was intoxicated, but whether he
exercised ordinary care, where in connection with all the instruc-
tions the effect was not that the jury could not consider intoxica-
tion as an element in determining the question of due care, but
that the latter question was the real one to be determined and not
merely the matter of the intoxication.

DAMAGES—INJURIES TO HUSBAND—SERVICES OF WIFE AS NURSE—
WHEN CAN NOT BE INCLUDED.   In an action by a husband and wife
for personal injuries sustained by the husband, it is error to in-
clude in the recovery $50 for the services of the wife as a nurse,
where it appears that nothing was expended in that behalf and
that the wife attended to her household duties at the same time,
and there was no evidence of the value thereof; and a special
finding therefor having been included in the verdict, the judg-
ment should be reduced $50 in amount.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered June 15, 1903, upon the verdict
of a jury rendered in favor of the plaintiff for $630 for
personal injuries sustained in falling from the running
board of a street car.   Affirmed, except as to a special find-
ing for $50.

[1]Reported in 76 Pac. 71.

*Peters & Powell*, for .appellant.   Intoxication does not excuse the omission to use the same care required of a sober man under the same circumstances.   *Louisville etc. R. Co. v. Johnson*, 92 Ala. 204, 9 South. 269; *Fisher v. W. Va. etc. R. Co.*, 42 West Va. 183, 24 S. E. 570; *Smith v. Norfolk etc. R. Co.*, 114 N. C. 728, 19 S. E. 863, 923; *Strand v. Chicago etc. R. Co.*, 67 Mich. 380, 34 N. W. 712; *Kingston v. Ft. Wayne etc. R. Co.*, 112 Mich. 40, 70 N. W. 315, 74 N. W. 230, 40 L. R. A. 131; *Chicago etc. R. Co. v. Bell*, 17 Ill. 102; *Toledo etc. R. Co. v. Riley*, 47 Ill. 514.

*Turner & Weter*, for respondents.

HADLEY, J.—Respondents, constituting a community, sued appellant to recover for personal injuries to respondent Bernard Lawson.   The complaint alleges, that said respondent took passage upon one of the electric railway cars owned and operated by appellant; that he went aboard the car at the corner of Second avenue and Washington street, in the city of Seattle, for the purpose of riding to his home in Central Seattle; that the car was crowded with passengers, so that he could neither obtain a seat nor stand inside the car; and that he was compelled by reason of said crowded condition to ride, and did ride, upon the running board or side step of the car, without any notice or knowledge that it would be dangerous to ride at that place; that, while so riding and while exercising due care on his part, at a point where the line of road turns from Washington street into Rainier avenue, he was thrown from the car and dragged for some distance; that he was so thrown and dragged wholly because of appellant's carelessness and negligence in permitting him to ride upon said running board, and in running the car around the curve at a high rate of speed, making it sway, spring, and jolt, thereby causing said respondent to slip and lose his footing, and to be thrown and dragged as aforesaid. ·

The answer denies the material allegations of the complaint, and pleads contributory negligence. A trial was had before the court and a jury, and a verdict was returned in favor of respondents in the sum of $630. Appellant moved for a new trial, which was denied, and judgment was entered for the amount of the verdict. The defendant has appealed.

It is first assigned that the court erred in not setting aside the verdict, because it is urged that it was against the weight of the evidence. It is true there was decided conflict in the evidence as to material matters, but it was the province of the jury to weigh the testimony, and to determine as to its credibility and value. It is a general rule that the verdict will not ordinarily be set aside on appeal where there is substantial conflict in the testimony, and especially where the trial judge, who heard and saw the witnesses testify, has declined to interfere. *Bucklin v. Miller,* 12 Wash. 152, 40 Pac. 732; *Miller v. Bean,* 13 Wash. 516, 43 Pac. 636; *Reiner v. Crawford,* 23 Wash. 669, 63 Pac. 516, 83 Am. St. 848.

It is next assigned that the court erred in giving the following instruction:

"You are instructed that intoxication on the part of the plaintiff, if you believe that the plaintiff, Mr. Lawson, was intoxicated, is not as a general rule in itself, as a matter of law, such negligence or such evidence of negligence as will bar his recovery in this action. The law refuses to impute negligence as of course to a plaintiff from the bare fact that at the moment of receiving the injury he was intoxicated. Intoxicated persons are not removed from all protection of the law. If the plaintiff used that degree of care incumbent upon him to use, under the circumstances of this case, then his intoxication, if you believe that he was intoxicated, had nothing to do with the accident. I wish to substitute in place of the

words 'had nothing to do with the accident:' 'would not prevent his recovering.' When contributory negligence is one of the issues, as in this case, the defendant must prove to you or it must appear to you from all the evidence, that the plaintiff did not exercise ordinary care, and that too without reference to his intoxication. The question is not whether or not the plaintiff was drunk, but whether or not he exercised ordinary care. You are instructed that if you find that the plaintiff was intoxicated, and in a place of danger, and that, if you find that the motorman knew those facts, the motorman was bound to run the car more carefully in order to prevent throwing Mr. Lawson off the car, if Mr. Lawson was in a place of danger."

There was testimony to the effect that the injured respondent was intoxicated at the time of the accident, and this is urged as showing contributory negligence. Witnesses in rebuttal denied that he was intoxicated. Appellant, in criticizing the above instruction, contends that it altogether eliminated from the consideration of the jury the question of the respondent's intoxication, or that it suggested that only that degree of care was required of him which one "under the circumstances of this case" would be expected to use—that is to say, that if the jury believed that respondent was sober, in that event he was required to use the same degree of care which would have been required of sober men under the same surroundings; but that, if they believed he was intoxicated, then he was under obligation to use that degree of care only which would have been required of men intoxicated as he was. Appellant cites *Buesching v. St. Louis Gas Light Co.,* 6 Mo. App. 85, as a case in which, it claims, a similar instruction was given. At page 92 of the volume cited, the opinion, after stating that at the instance of the plaintiff the trial court directed the jury that, if the cellar entrance was dangerous to passengers and deceased was in

consequence injured while exercising ordinary care, they should find for the plaintiff, also proceeds as follows:

" . . and further declared that ordinary care means that degree of care which may reasonably be expected of a person in the situation of deceased at the time of the accident. This definition of ordinary care is given in some text-books. But in view of the evidence in this case it was calculated to mislead. There was some testimony in this case from which the jury might infer that the deceased was not entirely sober at the time of the accident."
As far as appears from that opinion, no other definition of ordinary care was given by the court, and it was properly held that the definition given, in view of the testimony, was misleading. In the case at bar we think the court several times, in the course of its instructions, made it clear to the jury that the rule as to ordinary care is that it must be such as an ordinarily reasonable and prudent person would exercise under the same surroundings. It has been often held by this court that the instructions must be read and construed as a whole, and not in detached, parts. We think the suggestion of respondents' counsel as to this instruction is pertinent, viz.: that, after having told the jury what is ordinary care, and that such care was required of respondent in the premises, the instruction had the effect to caution the jury against the danger of supposing—in view of the testimony as to intoxication—that their only duty was simply to determine whether respondent was intoxicated or not. Such an impression would have been erroneous, since the real test which they should at all times have kept before their minds was, did respondent act as a reasonable and ordinarily prudent person would have done under similar surroundings and circumstances? The effect of the court's instruction was not to tell the jury that they could not consider intoxica-

tion, if they found there was such, as an element in determining the existence or absence of ordinary care, but that the latter question was the real one to determine, and not merely the matter of intoxication. The whole instruction criticized, with immaterial exceptions, was given in the same words by a Colorado trial court. The supreme court of that state, in passing upon the instruction, said:

"Counsel says, 'This instruction commences by advising the jury that intoxication in itself, as a matter of law, is not such negligence as will bar his recovery in this action,' and ends by advising the jury that 'it must appear that the plaintiff did not exercise ordinary care, and that, too, without reference to his inebriety. The question is whether or not the plaintiff's conduct came up to the standard of ordinary care, not whether or not the plaintiff was drunk.' It requires considerable ingenuity to find fault with the language cited. It, in effect, properly states the law to be that the questions being tried were the negligence of the defendant and the contributory negligence of the plaintiff; not whether the plaintiff was at the time intoxicated. That drunkenness on the part of plaintiff would not relieve the defendant from liability, if guilty of negligence; and that, drunk or sober, if the plaintiff, by want of ordinary care, contributed to the injury, he must assume such responsibility, regardless of his condition. We cannot well see how it could have been different. If drunk, he was held responsible for his negligence; and, if drunk, it can hardly be contended that it gave the defendant, for that reason, the right to kill or maim him, but, if known, imposed greater care on the defendant." *Denver Tramway Co. v. Reid,* 4 Colo. App. 53, 35 Pac. 269.

It is next assigned that the court erred in not striking from the complaint, and in not withdrawing from the consideration of the jury, respondent Anna M. Lawson's claim of $300 for services as nurse, for the reason that the averments of the complaint were not sufficient, and that there was no evidence, to justify any recovery for

such services. The jury returned a special finding of $50 in favor of respondents as to that item, which amount was included in the aggregate sum of the general verdict. Mrs. Lawson, on cross-examination, testified that her husband was confined to his bed something more than one week, and that he was confined to the house for about one month, but that he was able to walk about the house after leaving his bed. She also testified that she waited upon him and attended him as nurse during this time, but that she at the same time attended to her household duties, and performed the services which she ordinarily discharged as a member of the community. There was no evidence that any expense was incurred, or paid out, to procure other help to assist the wife, by reason of her engagement in waiting upon her husband. There was, therefore, no financial loss to the community on account of said services, unless it was entitled to recover the value of these necessarily increased duties of the wife. There was, however, no evidence as to their value, and, even if it were a recoverable item, the jury should not have been left to speculate as to its value. In this particular we think the court erred.

The cause is therefore remanded, with instructions to the trial court to modify the judgment by reducing it in the sum of $50. But in all other particulars the judgment is affirmed. The appellant is entitled to recover costs on appeal.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.