[No. 6572.   Decided February 28, 1907.]

S. R. Balkwill *et al., Appellants,* v. Henry Mohr *et al.,*
*Respondents.*[1]

Vendor and Purchaser—Contract to Sell—Consideration—Con-
ditions—Tender—Specific Performance.   Upon a sale of real prop-
erty, induced by representations that the purchaser was acting as
agent or trustee for a corporation which would use the property for
certain manufacturing purposes of general benefit to the vendor and
community, and which were the chief moving consideration, the
property not being otherwise for sale, the purchaser cannot, upon
refusing to disclose the name of the corporation, insist upon an
absolute conveyance to himself, without any assurance of compliance
with the representations; and the tender of a conditional conveyance
having been made by the vendor, specific performance is accordingly
properly denied the vendee.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered September 6, 1906, denying
specific performance of a contract to sell real estate and dis-
missing the action, after a trial on the merits before the
court without a jury.   Affirmed.

*E. R. York* and *John P. Hartman,* for appellants.

*Frederick H. Murray,* for respondents.

Hadley, C. J.—This is an action for specific performance
of a contract to sell real estate.   A written memorandum
concerning the proposed sale was made and signed.   It
acknowledged the receipt of $250 as a deposit on the pur-
chase price, and stated that the total purchase price was
$4,250, the balance of $4,000 to be paid in cash within twenty
days after the delivery of an abstract of title, if title was
found satisfactory, in which event a warranty deed should be
executed.   Otherwise, if title could not be secured within a rea-
sonable time, the amount paid should be returned to the pur-

[1]Reported in 88 Pac. 938.

chaser. The complaint alleges that the property belonged to the defendant Henry Mohr Hardware Company, a corporation, and that the defendant Henry Mohr, in his own name and right and as an officer and agent of said corporation and in its behalf, executed the said written memorandum concerning the sale. It is further alleged that, within the time specified, the plaintiffs tendered to the defendants the sum of $4,000 in full payment of the balance of the purchase price, and that the defendants refused to accept the same, or to in any manner perform the contract.

The defendant Henry Mohr answered that he did not sign the written instrument in his own right, but that he signed it in behalf of said corporation, yet without its knowledge or authority, and subject to its approval. The answers of both defendants alleged that, prior to the time of signing the instrument, the plaintiff S. R. Balkwill made certain representations to the defendant Henry Mohr, for the purpose of inducing the corporation defendant to agree to sell the land, the said representations and agreements being supplemental to said writing, and being the moving consideration and inducement to said Henry Mohr and to said corporation, and which representations and agreements were communicated to the corporation by its said codefendant. Said representations were as follows: That in the purchase of the property said plaintiff was acting as the agent or trustee of a party or corporation to be subsequently disclosed, and not for himself; that the property was to be used by the proposed purchaser for a large new manufacturing plant which would occupy the entire block in which this property is situated, for carrying on its business, and that a large building would be constructed thereon for said purpose; that it was such a business and plant that no other block would or could be used for said purpose; that if said entire block could not be secured for said purpose, it being specifically represented that no other was available, then, in that event, the said industry would not be located in the city of Tacoma.

The answer of the corporation defendant alleges that under no other circumstances or conditions would it have agreed to sell the property, by reason of the fact that it purchased the property for warehouse purposes, that plans were then in the hands of the architects for the construction of a warehouse thereon, and that the property was particularly valuable to the corporation for said purpose; that the corporation relied upon said agreements and representations by reason of the fact that the relations between plaintiffs and defendants were confidential in their nature. It is also alleged that the corporation offered to perform under the conditions and provisions above set forth, but that the plaintiffs refused to accept performance; that within a reasonable time after such refusal, the corporation rescinded the agreement and tendered plaintiffs the sum of $250. Under issues substantially as above stated, the cause was tried by the court without a jury, and resulted in a judgment denying specific performance and dismissing the action. The plaintiffs have appealed.

It is argued that the proofs do not show that the appellant Balkwill made the statements and representations alleged to have been made by him. There is some conflict in the evidence, but we think from an examination of the entire statement of facts that the court was justified in finding that the representations were made substantially as alleged, and that they were the inducement and chief moving consideration to the making of the contract. We think the material allegations of the answer are in the main sustained by the evidence. Fraud is not alleged in terms, but the acts alleged amount to fraud in law, since they show the procurement of a contract by means of the representations and refusal to accept performance subject to the terms of the representations, and a demand for an absolute and unconditional conveyance. It is argued by appellants that the evidence does not show that the conditions contained in the representations and agreements will not be performed. We think this argument can-

not prevail, in view of the fact that it does appear that the corporation, by resolution, asked that appellant should show the company for whom and for what purpose the option to purchase was taken, and that in the event he should refuse to do so, the company then offered to execute and deliver to appellant, as agent for his principal, a deed for the land, in which it should be incorporated as a condition precedent that the lots shall be first actually used for the purposes and in the manner represented before title shall vest in the grantee. Appellant refused to make the disclosure called for or to accept a deed as offered, and demanded a conveyance of the absolute title, the transfer of which he now seeks to enforce. Under such circumstances it cannot be urged in good faith by appellant that the conditions may yet be performed, and the effort to compel an absolute conveyance without furnishing reasonable assurance of compliance with the representations which induced the making of the contract, demonstrates that, in legal effect, the representations were fraudulent as to respondents' rights in the premises. In such case it is competent to show that the written instrument was induced by the fraud, and that it did not become operative as a contract because of the fraud. *Reiner v. Crawford*, 23 Wash. 669, 63 Pac. 516, 83 Am. St. 848; *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643.

There is sufficient evidence to establish that the respondent corporation would not have sold the land for the price fixed if it had not anticipated general benefit to itself and to the community by the establishment of the manufacturing plant as represented by appellant. In fact, the evidence discloses that the land was not for sale at all for any other purpose, inasmuch as respondent had planned to use it for a particular purpose in its own business. Such facts show an injury to respondent if it should now be compelled to make conveyance not subject to the representations and conditions which induced it to make the contract. The representations were

as to facts particularly within the knowledge of appellant or of his undisclosed principal, and were not known and could not be known to respondent. Appellant insists that the contract was ratified by the corporation. It was ratified only as being subject to the conditions and representations which were reported to it by Mohr, to whom they were made by appellant. We think the evidence sufficient to show that the corporation acted upon the inducement of the representations as to the proposed manufactory, and that these constituted the chief consideration for making the contract. Under all these facts and circumstances, appellant is not entitled to specific performance, and the judgment is affirmed.

RUDKIN, FULLERTON, ROOT, MOUNT, CROW, and DUNBAR, JJ., concur.