[No. 20824.   Department Two.   October 18, 1927.]

C. W. ANTILL et al., *Appellants,* v. ROBERT NEELY et al.,
*Respondents.*[1]

[1] EVIDENCE (158)—PAROL EVIDENCE TO VARY WRITING—EXISTENCE
OF CONDITION.  Parol evidence is admissible to show that a con-
tract for a broker's commission was delivered to the owner's
agent subject to the condition precedent that the sale be ap-
proved by the owner's wife, and never became effective because
of her disapproval.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered November 29, 1926,
upon findings in favor of the defendants, in an action
on contract, tried to the court.  Affirmed.

*James R. Chambers,* for appellants.

*Stanley J. Padden* and *George F. Ward,* for re-
spondents.

ASKREN, J.—For some time prior to July, 1924,
C. W. Antill, one of the appellants, was engaged in
the real estate business in Seattle.  He had advised
with the Neelys, respondents, concerning a probable
exchange or sale of a property belonging to them
known as the Fiona Apartments, in the same city, and
it was listed with him.  Mrs. Neely transacted the
business matters for the community.  During the
month of July, she was absent from the state, visiting
relatives in Wyoming.  During her absence, appellant
Antill notified Robert Neely that he had a purchaser
for the apartments and asked him to sign a contract
for the sale thereof.  Neely demurred because as he
said,

"I could not sell the place without my wife's notice
but that she would approve of it."

¹Reported in 260 Pac. 252.

After much conversation, it was agreed that Neely should sign the contract, but that Antill should keep the contract in his office until after Antill should wire Mrs. Neely and secure her approval. He wired Mrs. Neely and she refused to approve of the deal, whereupon the earnest money was returned to the prospective purchaser and the deal called off.

In January, 1926, eighteen months thereafter, suit was brought to recover under the contract for the commission which Antill would have received for consummating the deal. He assigned his rights under the contract to Josephine Shattuck, also an appellant. Answer was filed alleging, as an affirmative defense, that the agreement was signed with the express understanding that it was not to become effective until Mrs. Neely's approval had been obtained; that she had refused her approval, and thereupon the deal had by mutual consent been abandoned. After the trial, the court found that the affirmative defense was sustained by the evidence, dismissed the action, and this appeal followed.

[1] Much is said in the brief concerning the failure of the court to hold the respondents to the written contract signed by Robert Neely. It is said that it destroys the sanctity of the written contract to allow oral testimony to show that there was a condition attached to the contract. But it must be remembered that this testimony was offered to show that there never was a delivery of the contract in question, because it was conditioned upon the securing of Mrs. Neely's approval. This was a condition precedent, and was offered to show that the contract, although signed, never became operative as a contract. Our decisions fully sustain this view. *Reiner v. Crawford,* 23 Wash. 669, 63 Pac. 516, 83 Am. St. 848; *Seattle*

*National Bank v. Becker,* 74 Wash. 431, 133 Pac. 613; *First Methodist Episcopal Church v. Soden,* 131 Wash. 228, 229 Pac. 534.

In the last cited case, we quoted approvingly from *Vincent v. Russell,* 101 Ore. 672, 201 Pac. 433, 20 A. L. R. 417, as follows:

" 'The rule sanctioned by a practically uniform line of authorities is that parol evidence is admissible to show that a negotiable note, absolute in form, although manually delivered to the payee, was not to become a binding obligation except upon the happening of a certain further event, since such evidence does not vary or alter the instrument, but tends merely to show that it never became a valid undertaking.' "

Appellants have also attacked the testimony offered by respondents to show that the approval of Mrs. Neely was to be secured. It would be unprofitable to review the testimony. Suffice it to say that a reading of it convinces us that the court's decision was in accordance with the weight of the testimony, and that we have no right, under our well established rules, to set it aside.

Judgment affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.