THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* VEGA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Guayama in an action
for assault with intent to commit rape.

No. 664.—Decided April 21, 1914.

RAPE—CONSENT.—The crime of rape consists essentially in the outrage inflicted upon the person and feelings of the woman and always involves the absence of her consent.

ID.—CONSENT—PRESUMPTION.—The lack of consent of the victim in a case of rape is shown by her resistance when she is in full control of her faculties, while in other cases it is presumed, as when she is under fourteen years of age or when at the time of the commission of the crime she is unconscious of its nature or submits in the belief that the accused is her husband, etc.

ID.—INFORMATION—DUPLICITY OF CHARGES.—The allegation in the information that the accused had sexual intercourse with a female under fourteen years of age who was not his wife and overcame her resistance by force, does not imply a duplicity of charges.

ID.—COURSE OF TRIAL—DISCRETION OF COURT.—The course of a trial is a question

which rests largely in the discretion of the court and it must be shown that the court abused its discretional power before this court will reverse a judgment for errors committed in the exercise of that power.

ID.—AGE OF VICTIM—EVIDENCE—ESTOPPEL.—A defendant who does not object to the victim's testimony as to her age is estopped from alleging on appeal that there was no evidence of said age. Besides, the testimony of the victim was corroborated in this case.

ID.—VERDICT—ASSAULT WITH INTENT TO COMMIT RAPE.—In view of the information and the result of the evidence, the crime of assault with intent to commit rape was included necessarily in that of rape with which the accused was charged, therefore the verdict finding him guilty of the first offense is correct according to section 286 of the Code of Criminal Procedure and the jurisprudence cited.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Luis Muñoz Morales* for the appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Guayama wherein Leocadio Vega was convicted of the crime of assault with intent to commit rape and sentenced to ten years in the penitentiary at hard labor.

The pertinent part of the information reads as follows:

"In the ward of Monte Llano of Cayey which forms a part of this Judicial District of Guayama, P. R., the aforesaid accused, on or about March 22, 1913, unlawfully, wilfully, maliciously and criminally assaulted Alejandrina del Valle, a girl under fourteen years of age, with intent to rape her, and by the use of force and violence had sexual intercourse with her without the consent and against the will of the said girl who was not then and there the wife of the accused."

Upon being arraigned the accused pleaded not guilty and elected a trial by jury. The trial having been set for June 25, 1913, both parties appeared and the accused, with the permission of the court, withdrew his plea and demurred to the information on the grounds (*a*) that the information did not conform to sections 70 and 71 of the Code of Criminal Procedure and (*b*) that it charged more than one public offense. After argument the demurrer was overruled.

Thereupon the accused made a motion to the effect that as the information charged three different offenses, to wit, attempt to commit rape, rape by force and violence, rape because the victim was under fourteen years of age, the *fiscal* should elect the charge which he intended to prove. The *fiscal* stated that he would sustain both the charge that the victim was under fourteen years of age and that the accused used force and violence. Then the accused moved the court that the *fiscal* be required to state what act of sexual intercourse the defendant had committed. The *fiscal* opposed the motion and the court overruled it, to which ruling the accused noted an exception.

The pleadings having been decided in this manner, the accused again entered a plea of not guilty and the case went to trial. The defendant asked that a physician whom he intended to introduce as an expert witness be allowed to remain in the court-room and listen to the testimony of the witnesses. The *fiscal* objected and his objection was sustained by the court, to which ruling the defendant excepted.

After hearing the evidence of both sides the court charged the jury, whereupon the jury found the accused guilty of assault with intent to commit rape and in due course the court imposed the sentence to which we have referred.

In the brief filed by the appellant in this court it is contended only that the evidence introduced was not sufficient (*a*) to show that the accused used force and violence and (*b*) to prove that the victim was under fourteen years of age. Apparently the appellant abandons the questions raised by him on demurrer at the beginning of the trial. Nevertheless, we have given them the proper attention.

We are of the opinion that although the information in the present case is not a model of perfection, it actually informs the accused with sufficient clearness of the offense with which he is charged to enable him to prepare his defense, and it is certain also that it refers to one single offense, that of rape, as defined in section 255 of the Penal Code.

The crime of rape may be committed in the ways stated in said section 255, two of them being (1) where the female is under the age of fourteen years and (2) where she resists and her resistance is overcome by force. The said crime consists essentially in the outrage inflicted upon the person and feelings of the woman and always involves the absence of her consent. In some cases the lack of consent is shown by resistance, as where the woman is in full control of her faculties, while in others it is presumed, as when she is under fourteen years of age, or at the time of the commission of the act she is unconscious of its nature or submits in the belief that the accused is her husband, etc.

The fact of its being alleged in an information that the accused had sexual intercourse with a female under fourteen years of age who was not his wife and that he overcame her resistance by force, does not imply a duplicity of charges.

In the case of *De Berry* v. *State,* 99 Tenn., 208, 212, the Supreme Court of Tennessee expressed itself as follows:

"We do not agree with counsel in his interpretation of the first count in this indictment. In our view it distinctly charges the defendant with the crime of ravishing a female under the age of ten years. In charging rape the indictment alleges that an assault and battery was made upon this female under ten years of age with intent to have carnal knowledge of her and with the intent to commit rape, and that forcibly and against her will—unlawfully, feloniously, and violently—the defendant did ravish and carnally know her. There is no repugnacy or duplicity or ambiguity in this count, and the motion to quash was properly overruled."

And the Supreme Court of California in the case of *People* v. *Tyler,* 35 Cal., 553, 554, said:

"The point to the effect that the indictment charges two offenses, in view of the fact that it charges the principal offense, and also an assault with intent to commit such offense, is untenable."

As regards the fact that the expert witness of the accused was not allowed to hear the testimony of the witnesses for

the prosecution, we will say that the accused did not show
the necessity for adopting such a measure. The expert wit-
ness testified later and the accused could have examined him
on the basis of the testimony of the witnesses for the prose-
cution, therefore it is not shown that he suffered any injury
whatever. Besides, the course of a trial is a question which
rests largely on the discretion of the court and it must be
shown that the court abused its discretional power before
this court will reverse a judgment for errors committed in
the exercise of that power.

Let us see now whether there is any evidence to show that
the victim in this case was under fourteen years of age at
the time the offense was committed. She herself testified at
the trial that she was "ten years old and approaching
eleven." The accused did not object to that testimony and
he is now estopped from doing so. In the case of *The People
v. de Jesús,* 18 P. R. R., 575, for rape, this court laid down
the following doctrine:

"A defendant who allows the introduction of parol evidence to
establish the age of the victim without objection waives the intro-
duction of any better evidence that may exist and it is therefore
unnecessary for this court to decide in this case whether the certifi-
cate of birth from the civil register is the best evidence to establish
said age." Syllabus.

Besides, the testimony of the victim was corroborated to
a certain extent by the testimony of other witnesses who al-
ways referred to her as a child and, above all, by the direct
inspection of her person which the jury were able to make
when she appeared to testify before them. The accused did
not raise this question in the lower court. On the contrary,
when he called his medical expert, Dr. Giol, to testify he
did not ask him about the age of the girl, but began his exami-
nation by putting the following hypothetical question: "If a
girl, apparently ten or eleven years of age, should come to

you for professional attention   *   *   *.'' See the case of *The People* v. *Rojas,* 16 P. R. R., 238.

In our opinion the question of the victim's age was proven, and as the proof regarding the fact that the accused raped her, or at least assaulted her with the intent to rape her, is conclusive, the judgment should be affirmed.

As we have stated, the information directly charged the accused with the crime of rape and, notwithstanding this, the jury returned a verdict of assault with intent to commit rape.   In view of the wording of the information, to wit, that the accused ''assaulted the girl   *   *   * with intent to rape her,'' and of the result of the evidence showing that the accused, knowing that the girl, Alejandrina del Valle, had to pass along a certain road, hid himself in a patch of sugar cane which was growing along the side of the road and when the girl did pass seized her, placed a handkerchief over her mouth, carried her to the sugar cane patch, etc., we are of the opinion that the crime of assault with intent to commit rape was included necessarily in that of rape with which the accused was charged, and that, therefore, the verdict is correct according to the provisions of section 286 of the Code of Criminal Procedure and the doctrine laid down in the case of *State* v. *Cross,* 12 Iowa, 66, and others of the same state cited in 79 Am. Dec., 523 and 524.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.