The State of Iowa v. Cross.

Reversed.

## THE STATE OF IOWA V. CROSS.

1. CONTINUANCE: ABSENCE OF WITNESS. An application for a continuance showed that a witness whose evidence was material, was a resident of the county in which the cause was tried; that he was in attendance at a previous term of the court, at which the cause was set for trial, but was not tried; that he was then absent from the State, but had promised the party making the application, to be present at the term at which the application was made: *Held,* insufficient in this, that it did not show a diligent use of the means given by the statute to procure his attendence, or to secure his deposition.

2. CASE CITED. *The State of Iowa* v. *Tomlinson,* 11 Iowa 401, cited and approved.

3. TWO VERDICTS. In reviewing the judgment of the court below upon the evidence, the Supreme Court will give much weight to the fact, that the judgment is sustained by two different verdicts rendered by different juries, on different trials of the same cause; citing *Jourdan* v. *Reed,* 1 Iowa, 135.

4. ASSAULT WITH INTENT TO COMMIT A RAPE. A defendant charged with the commission of a rape may be convicted of an assault with intent to commit a rape, upon evidence showing that the offense was consumated under circumstances which satisfy the jury that the assault was made without the consent of the female, although there was not a sufficient want of consent at the time of consumation as to constitute the higher crime.

5. SAME: RESISTANCE. The failure of the female to make any outcry when a violation of her person was attempted, and the fact that her garments were uninjured in the struggle with her assailant, tend strongly to show consent, but are not conclusive; and should always be considered in connection with her age and intelligence.

The State of Iowa v. Cross.

*Appeal from Muscatine District Court.*

MONDAY, JUNE 10.

RAPE. Defendant was tried and convicted of "an assault with intent to commit a rape;" obtained a new trial; was again tried and convicted for the same offense, from which he appeals.

*Richman & Bro.* and *Cloud & Van Horne* for the appellant.

*C. C. Nourse,* Attorney General, for the State.

WRIGHT, J.—I. It is first claimed that the court erred in overruling defendant's motion for a continuance. This was based upon the absence of a witness, by whom, he states in his affidavit, he expects to prove certain material facts. The ground upon which it was doubtlessly overruled, and as we think properly, was that it failed to show diligence in procuring the attendance of the witness. The substance of the affidavit in this respect is, that witness was a resident of Muscatine County, in this State; that he was present at a previous term of the court when the cause was set for trial but not tried; that he had gone to Ohio, and when leaving, promised defendant to return in time to give his testimony. He also states, that in consequence of this promise, he had failed to take his deposition, either before or since his departure.

It was the duty of the defendant to avail himself of the means given him by the statute, to procure the attendance of the witness, or to obtain his deposition. If he failed to do this, and relied upon his promise to be present, he must abide the consequences. For the failure to attend under such circumstances, he was not entitled to a continuance. This was not legal diligence. *Day* v. *Gelston,* 22 Illinois, 102.

II. The only other error assigned is, that the court erred in overruling the motion for a new trial, based upon the ground that the verdict was contrary to the law and evidence.

No exceptions are taken to the instructions. These are exceedingly full, and certainly state the law as correctly and favorably for the defendant, as he could ask. But it is insisted that under these instructions the verdict was not warranted by the evidence. It is all in the record. We have examined it with the utmost care, and are constrained to conclude that there was not such error in overruling this motion as to justify our interference. Under what circumstances this court will reverse the ruling of the court below, in overruling such a motion, in a criminal cause, was discussed in *The State* v. *Tomlinson*, 11 Iowa, 401, and we need not recapitalate what is there said. The law governing the liability of a prisoner thus charged is also there stated; and while we see no reason for objecting to a single principle there enunciated, we still think this case should be affirmed.

It will be observed that the defendant objects to a second verdict finding him guilty of the same offense. It is true that the first was set aside, because the court was satisfied that it was not the free and unbiased conclusion of *one* of the jurors. And giving to the defendant all benefit, resulting from this fact, it still appears that at least twenty-three jurors, under their solemn oaths have found him guilty of this offense. This consideration has much weight with us in sustaining the ruling below. *Jourdan* v. *Reed*, 1 Iowa, 135.

Then again, though charged with the commission of the crime of rape, defendant was found guilty of an assault with intent to commit that offense. And while, if he had been convicted of the higher offense, we might have inclined to the opinion that the testimony was not sufficient; we easily arrive at a different conclusion, when the jury have only found the *assault with intent*, &c. Of course, if there

The State of Iowa v. Cross.

was consent on the part of the prosecutrix, there could be no such violence in legal contemplation, as to render the prisoner guilty, for if the liberties were taken with her consent, there could be no rape, nor yet an assault with that intent. But where the assault is made by the prisoner with the intent to commit the offense, and this is clearly shown, the jury might convict, though not satisfied that at the time he consumated his purpose, there was such want of consent as to constitute the higher crime.   It is true that the jury must be satisfied, before they could convict for the assault, that the prisoner intended to gratify his passions on the person of the prosecutrix, at all events, and notwithstanding any resistance on her part, and yet this might be done, though they were not satisfied that the resistance on her part was so continued and persistent, as to prove guilt of the higher crime, when he succeeds in having carnal knowledge.

In this case the prosecutrix was but fifteen years of age. The defendant was a married man of the age of thirty-five. They were comparative strangers, or at least the evidence tends to show that there had been no previous intimacy, and that they had seldom been in each other's company.   On the day of the occurrence she was alone in her father's house, and no one in hearing distance.   The prisoner came into the house, and after talking a short time, forcibly pushed her into a small bed-room.   And while the testimony is not very clear on this point, yet we think the jury were justified in concluding, that he fastened the door and then passed to the front entrance to see if any person was coming; that during this time she tried to escape from the window, and also to open the door; that he returned, threw her upon the bed, and against her will accomplished his purpose.   Under such circumstances, we cannot say that the jury were not justified in this conviction.

It is not to be denied, that the fact that she made no violent outcry, and the further one that she made no complaint of the injury for several days, are circumstances strongly in

favor of the assumption of the prisoner's innocence. And while the absence of such outcries and complaints tend trongly to rebut the hypothesis of guilt, they are by no means conclusive. Her credibility is to be left to the jury, and these and other circumstances are to be left to their consideration. And the same is true, as to the fact that her garments were not torn, and bore no evidence of injury. If nothing of this kind appears, the jury should, from the peculiar character of the case, hesitate long before conviction. The virtuous female, who has in fact been thus injured, will not ordinarily omit to make known by her cries the threatened crime; will not be overcome without more or less injury to her garments; will not suffer in silence and without, as soon as practicable, making known this greatest of wrongs to her person. And yet the jury may conclude, under some circumstances, that she speaks the truth, and that the crime was committed, though all these circumstances be wanting.

The age of the prosecutrix is always important to be considered in such cases. It is held, that if under twelve years of age, (by our statute ten, § 4204,) she is incapable of consent. If she is very young, though over this age, and of mind not enlightened on the question, this consideration will lead the jury to demand a less clear opposition, than if she were older and more intelligent. 2 Bish. Cr. L., 939. And indeed, says the learned author, "they may convict under such circumstances when there was no opposition at all." And then again, there is a wide difference between *consent* and *submission*. Consent involves submission, but a mere *submission* by no means, necessarily involves *consent*. For it might be admitted, in most cases, that the submission of an *adult* female to such an outrage, necessarily proved consent. The mere submission of a child, however in the power of a strong man, can by no means be taken to be such consent as to justify the prisoner in point of law. *Reg.* v. *Banks,* 8 C. & P., 574; *Same* v. *Doy,* 9 Ib., 722.

In this case, differing from that of *Tomlinson, supra,* the prosecutrix is a mere child, was in the hands of a strong man, and may have been overcome by fear and submitted, without consenting. This the jury may have found, and we are by no means prepared to say they were not justified in so doing. Then his conduct in placing her in the room, with the other circumstances disclosed, show his purpose and intention so unmistakably, that we conclude that the verdict was fairly justified, and the case is therefore affirmed.