## MAGDALENA SCHENK v. HENRY C. DUNKELOW.

*Trespass to the person—Ravishment—Evidence.*

1. In an action for trespass to the person of the plaintiff, the defendant being charged in the declaration with an assault and battery, accompanied with very aggravated circumstances of ravishment, resulting in pregnancy, etc., it is not necessary for the plaintiff to show that the assault was committed with such force and violence as to constitute the crime of rape, nor need she establish any fact in her case by more than a *preponderance* of the evidence to enable her to recover.
2. Under the testimony presented in the bill of exceptions, the charge of the court is held to have been fully warranted.

Error to Leelanaw. (Ramsdell, J.) Argued April 18, 1888. Decided April 27, 1888.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Pratt, Hatch & Davis,* for appellant.

*James R. Adsit,* for plaintiff.

[The points of counsel are stated in the opinion.— REPORTER.]

SHERWOOD, C. J. The plaintiff brings her action in this case against the defendant for trespass to her person, charging him, in her declaration, with an assault and battery, accompanied with very aggravating circumstances of ravishment, resulting in pregnancy and the subsequent birth of a child. The defendant pleaded the general issue.

The case was tried at the May term of the circuit court last year, in the county of Leelanaw, before a jury, and

resulted in a judgment for the plaintiff for the sum of $1,500.

The defendant asks a review of the case in this Court, and presents nine assignments of error upon the introduction of the testimony.

The declaration contains two counts. The first count charges the defendant with committing the assault and battery upon her person June 11, 1885, with great force and violence, and particularly states the circumstances of the ravishment, under which she became *enceinte*, and the subsequent birth on March 6, 1886, and then continues:

"By means of said premises, he, the said defendant, has involved her in disgrace and in loss of peace of mind, and has greatly injured her in health and in prospects of life, and has put her to great suffering and pain in the delivery of her and said defendant's said child, and in the sickness attending thereto, and has caused her to lay out and expend large sums of money, to wit, $500, in her said sickness, for doctor's bill, attendance, and medicine, in all to the damage of plaintiff of $5,000."

The second count of the plaintiff's declaration is as follows:

"And also for that the said defendant, on the same day and year, and at the place last aforesaid, with force and arms, to wit, with swords, staves, ropes, hands, and feet, made another assault upon the said plaintiff, and did then and there beat, wound, and illtreat her, the said plaintiff, and also then and there did, with great force and violence, and against the opposition, resistance, and will of said plaintiff, have carnal intercourse with said plaintiff, unlawfully, and other wrongs and injuries to plaintiff then and there did, against the peace of the people of this State."

The facts necessary to be proved, and the testimony essential to establish them, to entitle the plaintiff to recover under the defendant's theory, are fully stated in the following three requests presented by him for the court to charge:

"1. In this case the plaintiff cannot recover unless you are

satisfied that defenlant is guilty of committing the crime of rape.

"2. The plaintiff must have resisted to her utmost. If, at the time, she led the defendant to believe that she consented to his having intercourse with her, she cannot recover.

"3. That the right of the plaintiff to recover in this case does not depend alone on the question of whether defendant is the father of plaintiff's child, but on the fact of whether the defendant is guilty of the crime of rape; and, unless you are satisfied of the fact that defendant is so guilty, your verdict must be, 'No cause of action.'"

· On the contrary of these propositions, the plaintiff claimed it was not necessary for the plaintiff to show that the assault was committed with such force and violence as to constitute the crime of rape, nor was it necessary to establish any fact in the plaintiff's case by more than a preponderance of the evidence to enable her to recover.

The claim of counsel for plaintiff was correct, and the defendant's theory was erroneous.

The nine exceptions taken to the rulings of the court in admitting the testimony all relate to the acts, conduct, and appearance of the plaintiff after the alleged assault occurred, and before the birth of the child. The admission of the testimony offered under these rulings was correct. It presented facts entirely competent under the issue in the case.

The learned circuit judge gave the following charges to the jury, and each was excepted to by counsel for the defendant:

"10. If you find that the defendant committed the alleged offense upon the plaintiff, and that defendant threatened her, and put her in fear, that is a circumstance to be taken into consideration by you in rebutting any unfavorable inferences from her not making outcry, and offering more physical resistance to the commission of the alleged offense.

"11. If you find that the plaintiff, through fear caused by threats made by the defendant, refrained from telling her mother and friends of the commission of the alleged offense until pressed to do so by them, by reason of her unnatural appearance and action, that is a circumstance to be consid-

ered by you for the purpose of rebutting any unfavorable inferences from her silence.

"12. If you find that the plaintiff is a woman of a sensitive nature, and that she felt a sense of shame and disgrace in consequence of the injury she had received by the treatment of the defendant, and that by reason thereof she refrained from making a disclosure of the injury, that is a circumstance to be taken into consideration by you for the purpose of rebutting any unfavorable inferences from her silence.

"13. If you find the defendant had carnal intercourse with the plaintiff, and if the evidence shows that the defendant threatened the plaintiff (on that occasion) no matter how slight, so that she understood that it meant injury to her, the jury must regard it as force, and that such force was against her will.

"14. Actual damages in this case would be compensation for such injuries as would fall upon any woman who underwent the same treatment which Miss Schenk is shown to have undergone in this case.

"15. What would the average woman naturally suffer, under those circumstances, from this assault and battery, from being compelled to submit to sexual intercourse in a case like this, from being compelled to carry an illegitimate child, from giving birth to said child?"

"18. But she must show, further, that such carnal intercourse was had by the defendant against the consent of the plaintiff, and with sufficient force to overcome the natural resistance of a healthy woman to forcible sexual intercourse.

"19. If you give her statements credit, and believe them to be true, after considering the denial of the defendant and all the rest of the testimony in the case, then your verdict will be guilty, and you will assess the damages, as charged in plaintiff's request, not to exceed $5,000, the amount claimed."

We find no error in giving any of these charges. Under the testimony presented in the bill of exceptions, they were fully warranted, and are more favorable to the defendant than several of them ought to have been.

The nineteenth paragraph was claimed by defendant's counsel to be especially objectionable, and it is now argued he went too far; that—

" It takes away from the jury the consideration of all other questions except the truth of the plaintiff's statement."

A reference to the charge alone, is, however, a sufficient answer to this position. In connection with, and immediately preceding, the clause we are now considering, the court said:

"The fact of rape depends upon the evidence given by plaintiff. Therefore, in determining whether or not the defendant committed the crime of rape as charged, you will take into consideration the whole of the testimony of the plaintiff as to the commission of the rape; whether it is reasonable or not when taken all together; whether or not it is reasonable that defendant would in open day, in a public house, on a public street, at or near the hour of six in the afternoon of a June day, enter such house, and, with no questions or words except to ask where the proprietors were, seize the servant girl, drag her to her bedroom, and ravish her, with no injury or hurt to the person except the pain of penetration, and no evidence of resistance, either on the person or clothing of the plaintiff, or in the room, and no threats of injury or evidence of intimidation until after the deed was consummated. By your own knowledge of human nature you will weigh her testimony in this case, and judge of its reasonableness, and give it such weight as you deem it entitled to."

This removes all objection, it seems to us, that could possibly be made to this clause of the charge complained of.

Her statements, if believed by the jury, taken with the other evidence in the case, although they were denied by the defendant, contain all the elements necessary upon which to base the verdict the jury rendered.

We find no error in the record of which the defendant can reasonably make complaint, and the judgment must therefore be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.