VERA SMITH v. L. DAY HENDRIX.

**Rape:** CIVIL ACTION: EVIDENCE OF PRIOR ASSAULT.  Evidence of a former assault upon plaintiff by defendant is admissible in a civil action for assault and rape.

**Same:** CREDIBILITY OF EVIDENCE: EXPLANATION.  A party called upon to testify to a personal assault may state her experience as a witness, in explanation of a discrepancy existing between her evidence and that given by her on a former trial involving the same issue, as bearing on her credibility.

**Instructions:** REFUSAL: PREJUDICE.  Error can not be predicated on the refusal of an instruction, where the court on its own motion does instruct in substantially the same language as that employed in the request.

**Rape:** EVIDENCE OF COMPLAINT: INSTRUCTION.  In actions for rape evidence of complaint is admissible whether made early or late. The time when made bears simply on the question of credibility. And this rule obtains even though there is no explanation of the delay in making the complaint.  In this action the court's refusal of an instruction to the effect that there was no proper evidence of complaint for consideration was proper, where in conformity with the evidence the court charged that the only proper evidence of complaint was of that made after pregnancy was discovered.

**Same:** SPECIAL INTERROGATORIES: DATE OF OFFENSE.  Where the jury found that the assault on plaintiff was committed on one or the other of three specified days, and the specific date was not material to plaintiff's action for damages, and defendant's evidence tended to show that he was not with her on either of those days, refusal to require the jury to find the specific date of the offense was not erroneous.

**Misconduct in argument.**  Reference in argument by counsel to unimportant and immaterial items of evidence, though not properly in the record, is not ground for reversal, where counsel did not seem to have designedly imposed on the court and jury.

*Appeal from Muscatine District Court.*—HON. D. V. JACKSON, Judge.

WEDNESDAY, NOVEMBER 16, 1910.

SUIT to recover damages for an assault and rape. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*E. M. Warner* and *C. A. Carpenter,* for appellant.

*Jayne & Hoffman* and *Wade, Dutcher & Davis,* for appellee.

SHERWIN, J.—The plaintiff was permitted to testify that some time before the commission of the offense charged the defendant had assaulted her for a like purpose. Such

1. RAPE: civil action: evidence of prior assault.

evidence is competent in a criminal case, and we know of no reason why it should not be admitted in a civil action for an assault culminating in a rape. *State v. Vance,* 119 Iowa, 685; *State v. Sheets,* 127 Iowa, 73.

There was some discrepancy between the testimony of the plaintiff in another trial involving the same ques-

2. SAME: credibility of evidence: explanation.

tion and the present one and in explanation thereof she was asked whether or not she had ever been a witness in a trial before that time. We think there was no error in the ruling.

Young women who are called upon to testify to personal assaults of this character are always in an embarrassing position, and it is competent to place before the jury their experience as bearing upon the question of credibility. Several other rulings on the introduction of evidence are challenged, but we find nothing so prejudicial as to require a reversal of the case.

The defendant asked the following instruction, which

was refused: "It is the law that the gist of this action is force and violence, and that to sustain plaintiff's claim she must show, in addition to carnal intercourse, that defendant accomplished the act by force and violence and against her will. It must also appear that she resisted defendant to the extent of her capability, and that said resistance extended to the time said act was accomplished." The court instructed on the question in substantially the language used in the request, and that was sufficient.

3. INSTRUCTIONS: refusal: prejudice.

The defendant also asked the court to instruct "that there is no proper evidence that plaintiff made any complaint to any one of the alleged rape, and that such failure of the plaintiff to make complaint is proper to be considered by you as tending to show the falsity of the charge made by her." This instruction was given in this form: "You are instructed that in this case there is no proper evidence that plaintiff made any complaint to any one of the alleged rape until her pregnancy became known," etc. The modification was proper, because the evidence did show that complaint was made when the plaintiff's pregnancy became known, an exclusion of evidence of complaint can not be justified on the ground that it was not made within a given time. Whether made early or late, it was a circumstance for the jury to consider in determining the truth or falsity of the charge. The fact that some time elapsed before she made complaint goes to her credibility and the weight of the testimony rather than to its competency. *State v. Peterson,* 110 Iowa, 647; *State v. Bebb,* 125 Iowa, 494. This rule obtains, though there be no explanation of the delay in making the complaint. And, where there is a reasonable explanation of long silence the rule is applied with still more rigor. In this case the evidence tends to show threats calculated to compel silence on the part of the plaintiff until silence could not longer be kept.

4. RAPE: evidence of complaint: instruction.

The defendant asked that the jury be required to answer eight interrogatories, and but two of them were submitted to the jury, as follows: "Do you find that a rape was committed upon plaintiff by defendant?" And: "Do you find that the assault occurred on either the 27th, 28th, or 29th day of August, 1906?" Both of these questions were answered in the affirmative. The defendant asked that the jury be required to give the specific date on which the assault occurred, and that it find what horse and what buggy were used for the ride. The specific date was not material to the plaintiff's case. Nor could the defendant demand that the jury find the particular one of the three ·days on which the assault was made. His evidence tended to show that he was not with the plaintiff on any of the days mentioned, and the court required the plaintiff to satisfy the jury that he was, or fail in her case. This was all the defendant could rightfully ask.

5. SAME: special interrogatories: date of offense.

Two bits of testimony from the evidence of a witness for the defendant on a former trial were referred to by one of plaintiff's counsel in argument to the jury. One related to a certain date, and the other to a matter of no materiality. A part of the evidence of this witness on a former trial had been put in evidence for the purpose of impeaching the testimony given on the instant trial. When objection was made, plaintiff's counsel explained that they referred to the testimony because they supposed it was properly before the jury. No ruling was made because neither counsel nor the court seemed to be sure about the matter, and there it ended. Whether the evidence given on the former trial was offered here does not appear from the record before us, but in any event there should not be a reversal on account thereof. The matter was not of great importance at best; and counsel do not seem to have been designedly attempting to impose on the court and jury. The burden

6. MISCONDUCT IN ARGUMENT.

of the appellant's complaint is that the verdict and judgment are not supported by sufficient evidence. We can not agree with this contention. There is an irreconcilable conflict between the plaintiff and defendant on the main issues involved in the case, and, indeed, there is a sharp conflict on all issues. Such being the case, we can not interfere with the finding of the jury. The judgment is *affirmed.*