CATHERINE KRAMER, APPELLEE, V. JOHN A. WEIGAND, APPELLANT.

FILED MARCH 12, 1912.   No. 16,638.

1. Limitation of Actions: TRESPASS UPON THE PERSON. Section 13 of the code, providing that a civil suit for assault and battery must be commenced within a year from the time the cause of action accrues, does not apply to an action for trespass upon the person of plaintiff, resulting in her pregnancy and in the subsequent birth of a bastard child.

2. Assault and Battery: WEIGHT OF EVIDENCE: QUESTION FOR JURY. In a civil action for such a trespass, the weight of evidence that plaintiff made no outcry when assaulted, and that for a time she did not complain of the assault, is for the jury, where her testimony tends to show that she resisted defendant to the extent of her ability.

3. Evidence: ASSAULT. The rule that, in a civil action, a preponderance of the evidence proves any issue, applies to a civil action for such a trespass.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

•  *H. C. Vail,* for appellant.

*A. E. Garten, William R. Patrick* and *O. M. Needham,* *contra.*

ROSE, J.

Plaintiff is an unmarried woman, and this is an action for trespass upon her person. In her petition she charges defendant with forcible debauchment, resulting in her pregnancy and in the subsequent birth of a bastard child. From a judgment in her favor for $5,000 defendant has appealed, relying upon the following points for a reversal: (1) The action is one for damages for assault and battery and is barred by the statute of limitations, because it was not commenced within a year from the time it accrued. (2) The evidence is insufficient to prove that plaintiff did

Kramer v. Weigand.

not consent to the acts of defendant, and for that reason does not sustain the verdict. (3) The damages are excessive.

1. If the suit is merely a civil action for damages resulting from assault and battery alone, it is barred, because it was not commenced within a year from the time the cause of action accrued, as required by section 13 of the code. The nature of the action therefore determines the first question. In the petition it is alleged: "That on the 15th day of September, 1907, at Petersburg, in the county aforesaid (Boone), the defendant with force and violence made indecent assault upon the plaintiff, and violently laid his hands upon her and her the said plaintiff then and there overcame and then and there wickedly defiled, debauched and carnally knew her, whereby she became sick and pregnant with child, and so remained for a long space of time, to wit, for the space of about nine months; at the expiration of which time, and on the 8th day of July, 1908, she was delivered of the child of which she was so pregnant." Defendant argues that those allegations charge assault and battery and that the action was brought to recover damages therefor. While the acts of which complaint is made include the elements of assault and battery, they are not limited thereto. They charge a wrong against the sex which is not generally classified, either in criminal law or in civil procedure, as "assault and battery." Plaintiff's injury extends beyond the common understanding of those words as used in the statute. According to the petition defendant overpowered her and violently invaded her organs of generation. As a result she must involuntarily bear the suffering and the shame of his trespass and the burden of his illegitimate offspring. His violence will follow her as long as she lives, and may, through the means of reproduction, connect her by her ravisher's blood with the immortality of human life. This was not the kind of trespass the legislature had in mind when the words "assault and battery" were used in the statute of limitations. Plaintiff's action is more like one to re-

cover damages for rape than for assault and battery.  In criminal law the two offenses are different, though the elements of assault and battery are included in the graver offense of rape.  A prosecution for one must be commenced within three years, and for the other within one year. Criminal code, secs. 12, 17, 256.  The statute of limitations applicable to civil actions seems to make a similar distinction.  Section 13 of the code specifically mentions assault and battery, and provides that a suit therefor must be commenced within a year from the time the cause of action accrues.  In limiting the time for commencing civil actions, the statute does not refer directly to actions for rape, but section 12 of the code provides that an action for an injury to the rights of plaintiff, not arising on contract and not subsequently enumerated, must be commenced within four years from the time it accrues.  The latter provision rather than section 13 applies to this case.  The distinction here made seems to have been recognized at common law.  Damages for assault and battery were recoverable in a civil action, but damages for rape were not, and where rape was part of the violence proved there could be no recovery for assault and battery. *Desborough v. Homes,* 1 Fost. & Fin. (Eng.) 6; *Wellock v. Constantine,* 9 Jurist, pt. 1 n. s. (Eng.) 232.  The distinction is illustrated in the latter case, wherein the facts are strikingly like those in the case at bar.  This difference between the nature of the offenses was evidently observed by the legislature when the statute of limitations was enacted.  The trial court properly held that this is not a civil action for assault and battery, and that therefore it is not barred by the statute of limitations.

2. Should the trial court upon a consideration of all of the evidence have said as a matter of law that it was insufficient to sustain a verdict in favor of plaintiff?  Did plaintiff consent to the unlawful conduct of which she complains?  If she did, she of course participated in the wrong and cannot recover in this action.  Defendant was a married man about 45 years old.  His family consisted

7

of his wife and five children. They lived on a farm near Petersburg. Plaintiff had been an orphan since childhood, and at the time of her ravishment was about 23 years of age. She had been living in the home of defendant about three years. She was a servant, but was treated as a member of the family and attended church with them. She testified to these facts: Plaintiff, defendant, the hired man, and one of the children returned from church in the evening before 9 o'clock, September 15, 1907, when defendant's wife was away from home. Shortly afterward plaintiff was in the dining room. The others soon retired, with the exception of defendant, who assaulted her and pulled her into his lap. In a few minutes he attempted to drag her through a doorway into an adjoining bedroom. She caught hold of the doorframe, but was forced through the door into the bedroom and thrown on the bed. He tore her drawers and ravished her. She testified that she resisted his advances to the extent of her ability. She admitted, however, that she made no outcry, though the hired man and a son of defendant were upstairs, and that she did not tell any one about the assault for several weeks. She further testified that the trespass was forcibly repeated in absence of defendant's wife. The evidence shows that a jury in a bastardy case found that defendant was the father of plaintiff's child. The judgment of filiation was affirmed by this court. *Kramer v. Weigand*, 88 Neb. 392. A witness for plaintiff testified he had heard defendant say in a saloon that the latter had sexual intercourse with plaintiff. Defendant denied the assault and any undue intimacy with plaintiff, but, without the inference to be drawn from such testimony, her proof of resistance is uncontradicted.

Defendant argues that the weakness of the proof of resistance, the failure to make an outcry and plaintiff's secrecy, when considered with all the circumstances, show conclusively that plaintiff consented to defendant's acts. In her testimony she explained that she did not think to make an outcry and that she was ashamed to tell what had

taken place.   While these are circumstances which the
jury should consider on the issue of resistance, they are
not conclusive evidence of plaintiff's consent.   When first
attacked, she was in the dining room where she owed
obedience to all proper directions of defendant.   He was
nearly twice her age.   She had lived in his home nearly
three years, and would naturally feel that she would re-
ceive his protection there.   When confronted under such
circumstances by a sudden and unexpected assault and
seized by a fear of being discovered in a disgraceful situ-
ation, a virtuous woman, before making an outcry, might
trust to her powers of resistance until it was too late, and
even conceal the outrage in the hope of escaping exposure.
It is well-settled law that the weight of evidence showing
a failure to make an outcry or to complain of an assault
are questions for the jury in a civil action.   *Starnes v.
Stevenson*, 98 N. W. (Ia.) 312; *Witzka v. Moudry*, 83
Minn. 78; *Linville v. Green*, 125 Mo. App. 289; *Dean v.
Raplee*, 145 N. Y. 319.   This court has often announced
the rule that in a civil action a preponderance of the evi-
dence proves any issue.   *First Nat. Bank v. Goodman*,
55 Neb. 409; *Davidson v. Davidson*, 70 Neb. 584; *Link
v. Campbell*, 72 Neb. 307; *Search v. Miller*, 9 Neb.
26.   This principle is applicable to the present case,
and the evidence outlined is sufficient to sustain the judg-
ment. *Schenk v. Dunkelow*, 70 Mich. 89; *Rogers v. Winch*,
76 Ia. 546; *Beseler v. Stephani*, 71 Ill. 400; *Dean v. Rap-
lee*, 145 N. Y. 319; *Dickey v. McDonnell*, 41 Ill. 62.

3. No sufficient reason for setting aside the verdict as
excecessive has been suggested, and none has been found in
the record.   It follows that the judgment must be

AFFIRMED.