[No. 13643. Department One. December 29, 1916.]

ANNE JENSEN, *Respondent*, v. ALFRED LAWRENCE, *Appellant*.[1]

RAPE—CIVIL LIABILITY—EVIDENCE—CORROBORATION. In a civil action for assault and rape, it is not essential that the plaintiff be corroborated, since the repeal of Laws 1913, p. 298, § 1, requiring corroboration in criminal cases.

NEW TRIAL—CONFLICTING EVIDENCE. The improbability of contradictory evidence is not ground for a new trial, where the jury was capable of passing on the same.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. Refusal to grant a new trial for insufficiency of the evidence to support the verdict, will not be disturbed on appeal except for abuse of discretion.

RAPE—CIVIL LIABILITY—EVIDENCE — SUFFICIENCY. The evidence in a civil action for assault and rape is not insufficient to sustain a verdict from the fact that plaintiff made no outcry, where she testified that she resisted and was overcome by force and that there was intercourse against her consent.

SAME—DEFENSES—FAILURE TO MAKE OUTCRY. In a civil action for rape, the failure of the plaintiff to make an outcry, or complaint within a reasonable time, may be explained or excused, and is merely a circumstance which the jury may consider as tending to impeach the plaintiff, and not a defense as a matter of law.

SAME—CIVIL LIABILITY—INSTRUCTIONS. In a civil action for assault and rape, the issue is properly submitted by an instruction defining an unlawful assault and defining rape and making the liability depend upon whether the defendant wrongfully and unlawfully committed the act of criminal intercourse upon plaintiff without her consent.

SAME. In such an action, a requested instruction to the effect that plaintiff could not recover if she had been guilty of improper conduct intended to attract the defendant's attention, is properly refused, where he might have been guilty of the rape notwithstanding that circumstance.

SAME—CIVIL LIABILITY—DAMAGES. A verdict for $5,000 damages for assault and rape is not so excessive as to be evidence of passion or prejudice.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 26, 1916, upon the ver-

[1] Reported in 162 Pac. 40.

dict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Farrell, Kane & Stratton,* for appellant.
*John H. Perry,* for respondent.

HOLCOMB, J.—This action is one to recover damages resulting from an alleged assault and act of carnal intercourse committed by defendant upon plaintiff in Seattle. The complaint, in substance, alleges: That, from the 23d day of May, 1914, to the 6th day of June, 1914, plaintiff was the regularly employed housekeeper for defendant; that, while engaged in her duties as such, on the first day of June, 1914, defendant wrongfully, unlawfully and violently assaulted her, threw her on the bed, physically overpowered her and forcibly committed an act of carnal intercourse upon her, despite her vehement protests and earnest supplications not to do so, and causing plaintiff pain, suffering, humiliation and damage in the sum of $10,000. The answer denies each and every allegation contained in the complaint, and affirmatively alleges that such allegations are false and malicious and made with the sole purpose of extorting money from defendant. No reply was filed, and the issues being made, the case was tried before a jury. At the conclusion of all the testimony, defendant moved the court for a directed verdict based upon the insufficiency of the evidence, which motion was denied. The jury returned a verdict for plaintiff for $5,000. Thereafter defendant moved the court both for judgment *non obstante veredicto* and, in event of the denial of said motion, for a new trial, which motions were denied.

Considerable argument is first devoted by counsel to the want of corroboration of the testimony of plaintiff as grounds for reversal and a new trial. Corroboration, since the statute requiring same was repealed by the act of 1913 (Laws 1913, p. 298, § 1), is no longer required even in criminal prosecutions for carnal crimes, and therefore, in the absence of a

specific statute so requiring in civil cases, is not a rule of evidence here. Consequently, assuming that no facts or circumstances were adduced in corroboration of plaintiff's evidence as to the alleged assault, she testified fully respecting it, and her evidence fully supported the allegations of her complaint if believed by the jury, and the verdict of the jury, if uninfluenced by any taint in law, is conclusive upon that fact.

The argument that "where the evidence in such case as the one at bar is improbable, contradictory and opposed to every instinct of human nature, it is the duty of this court to grant a new trial," is incorrect. In the first place, the jury passed upon the "contradictory" and "improbable facts" and are presumed to be equally capable, or even more capable, than the court of passing upon facts of such character, even to judge whether such facts are "opposed to every instinct of human nature." In the second place, the trial judge also passed upon those facts in passing upon the motion for new trial, exercising his judicial discretion therein, and permitted the facts produced by the plaintiff to sustain the verdict in her favor. In such case, it has long been the settled rule in our state that this court cannot interfere, in the absence of such error as actually or presumptively prevented a fair trial to the losing party. *Bucklin v. Miller*, 12 Wash. 152, 40 Pac. 732; *Miller v. Bean*, 13 Wash. 516, 43 Pac. 636; *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873; *Leghorn v. Review Pub. Co.*, 31 Wash. 627, 72 Pac. 485; *In re Renton*, 61 Wash. 330, 112 Pac. 348; *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88; *Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377; *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166.

A further argument upon the facts is made by appellant that the plaintiff, according to her own evidence, made no outcry at the time of the alleged assault nor any complaint immediately afterwards, and it is therefore asserted that her testimony as to an assault and rape is improbable, incredible

and unworthy of belief. She testified, that she resisted and that she struck appellant as fast as she could; that she never gave her consent; that appellant overcame her by his superior force and had intercourse with her against her consent. Similar arguments were advanced in the criminal case of *State v. Pilegge*, 61 Wash. 264, 112 Pac. 263, and were there disapproved. "Did the defendant use force?" "Did the woman persistently refuse her consent?" "Did the accused accomplish the sexual intercourse?" These questions being answered affirmatively, the offense would be rape. *State v. Sudduth*, 52 S. C. 488, 30 S. E. 408.

The other propositions go to the questions of the probabilities and credibility of the story of the plaintiff. They are questions of fact purely, and for the jury. Upon these features the trial court instructed:

"You are instructed that if at the time of the alleged assault, or within a reasonable time thereafter, the plaintiff did not make an outcry, and that she did not do so as soon thereafter as opportunity offered itself, unless she was prevented from making such outcry by fear and threats, plaintiff would not be entitled to recover. And if the plaintiff failed to disclose the alleged outrage said to have been committed, within a reasonable time after she had opportunity to do so, that would be a circumstance which you may consider as tending to impeach the truth of her story."

This instruction was excepted to and is criticized, and the argument against it is the same as that heretofore referred to touching the facts themselves. No authorities are cited by appellant tending to show the above instruction erroneous, and, in our opinion, it is as favorable to appellant as could be desired. It plainly informed the jury that they were to consider the question of whether or not plaintiff made an outcry at the time or as soon thereafter as opportunity offered itself, and that, unless she was prevented from making such outcry by fear and threats, she could not recover, and that, if she failed to disclose the alleged outrage within a reason-

able time after she had opportunity so to do, that would be a circumstance to be considered as tending to impeach the truth of her story. Plaintiff had testified, explaining her failure to make complaint after the alleged offense, that appellant had threatened her with some kind of prosecution and of sending her to jail, and had told her that he had had experience in such matters before. Her explanation, in connection with all her other testimony tending to support her case, was for the jury to consider as part of the facts, and we cannot see how the facts could have been submitted to the jury under any fairer instruction than was given in the foregoing.

The law considers that failure to make complaint is merely an important circumstance to go to the jury and does not make the matter of complaint a question of law. A delay, or even failure to complain at all, may be accounted for by proof of circumstances excusing such delay. 33 Cyc. 1523; *Schenk v. Dunkelow*, 70 Mich. 89, 37 N. W. 886; *Smith v. Hendrix*, 149 Iowa 255, 128 N. W. 360; *Kramer v. Weigand*, 91 Neb. 47, 135 N. W. 230.

It is contended that the court erred in giving instruction No. 7 to the jury, and the only argument made in support of this contention is that the previous contentions of error are so pertinent to the point raised by this assignment that appellant deems repetition thereof useless. Instruction No. 7 was one defining an unlawful assault, defining rape, and telling the jury that if they believed from a preponderance of the evidence, as that had been defined to them, that the defendant did, on or about the 6th day of June, 1914, wrongfully, unlawfully and violently assault the plaintiff and forcibly commit an act of criminal intercourse upon plaintiff against her protest and supplications not to do so, thereby causing plaintiff great pain, suffering and humiliation as alleged in the complaint, then it would be their duty to return a verdict for the plaintiff. And, on the other hand, if they

were not so satisfied, then it would be their duty to return a verdict for the defendant.  We think this instruction properly submitted the issues to the jury in connection with the other instructions which have been quoted and approved, and that there is no error in it.

It is next contended by appellant that the court erred in refusing to give appellant's requested instruction No. 7, which is as follows:

"Members of the jury, I instruct you that if you find from the evidence that plaintiff Anne Jensen, while in the home of Mr. Lawrence, acted in an unbecoming and vulgar manner; and at times exposed her person intentionally, to attract the attention of Mr. L.; and at other times went down stairs into the living room where guests were present in a nightgown and kimono; and at other times by gestures, expressions of the eyes, signs, nudges, and otherwise tried to attract and secure the attention of Mr. Lawrence—then I instruct you that these are circumstances to be taken into consideration by you in determining whether or not the plaintiff acted with design in doing what she did."

There was some testimony on behalf of appellant to which the above requested instruction would apply, but we do not consider the refusal to give the instruction prejudicial.  If the jury had believed all the testimony to which that requested instruction applied, they could still reasonably determine from the other evidence that plaintiff forcibly and unlawfully raped and ravished plaintiff against her consent.

Lastly, appellant contends that the verdict is excessive and manifestly the result of haste, passion and prejudice.  A number of cases are cited to sustain recoveries for smaller amounts, but the fact that recoveries for smaller amounts have been sustained by appellate courts is no argument against sustaining a verdict for a larger amount when within the evidence.  A recovery of $5,000 in a very similar case was sustained in *Kramer v. Weigand, supra,* and we are not prepared to say in this case that, any recovery at all being permissible, the recovery of $5,000 is alone evidence of haste,

passion and prejudice on the part of the jury. We there-
fore cannot hold it excessive.

Finding no error, the judgment is affirmed.

MAIN and ELLIS, JJ., concur.