## Kirby v. Commonwealth.

(Decided October 2, 1925.)

### Appeal from Estill Circuit Court.

1. Abduction—Detention of Female Against Her Will Held Sufficiently Proven.—That detention of female was against her will, in violation of Ky. Stats., section 1158, held sufficiently proven by her recitation of circumstances, especially her statement that she threatened to tell her father if defendant did not release her, and that he then desisted.

2. Abduction—Mother's Testimony that Prosecutrix Informed Her of Detention by Defendant Inadmissable in Prosecution for Detaining Female Against Her Will.—Rule admitting testimony of prosecutrix' mother, in rape trial, that daughter informed her of detention by defendant shortly thereafter, is inapplicable in prosecution, under Ky. Stats., section 1158, for detaining female against her will.

3. Criminal Law—Admission of Mother's Testimony as to Matter, Concerning which Prosecutrix Testified Without Objection and was Cross-Examined Not Prejudicial.—In prosecution for detaining female against her will, admission of testimony of prosecutrix' mother that daughter informed her of detention shortly thereafter, was not prejudicial, where prosecutrix so testified without objec-

tion on direct examination and was cross-examined at length with reference thereto.

4. Criminal Law—Failure to Instruct on Assault Not Error, in Absence of Evidence of Assault Other than with Intent Charged in Indictment.—In absence of evidence of assault other than with intent charged in indictment for detaining female against her will, court did not err in failing to give instruction on assault.

EZART ASHCROFT for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

This appeal is from a judgment convicting the defendant of detaining a female against her will, as denounced by section 1158 of the statutes.

It is insisted that the court erred in not directing an acquittal because of the failure of the prosecuting witness to expressly state that the detention was against her will; but this was sufficiently proven by her recitation of the circumstances, and especially by her statement that she threatened to tell her father if defendant did not release her, and that he thereupon desisted.

It is true, as urged, that the court erred in permitting the mother of the prosecuting witness to state that her daughter informed her of the detention shortly thereafter, since the rule admitting such evidence in prosecutions for rape is not applicable in cases such as this. Douglas v. Commonwealth, 68 S. W. 1107, 24 Ky. L. R. 562; Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430.

But this error was not prejudicial here, since the prosecuting witness was not only permitted to so testify without objection on her direct examination, but was cross-examined at length with reference thereto by counsel for defendant.

Other objections to the evidence are, in our judgment, without merit.

The final complaint is that the court erred in failing to give an instruction upon assault, but this is not true, since there was no evidence of an assault other than with the intent charged in the indictment. Paynter v. Commonwealth, 55 S. W. 687, 21 Ky. L. R. 1562.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.