## Adams v. Commonwealth.

(Decided May 6, 1927.)

### Appeal from Harlan Circuit Court.

1. Rape.—"Rape" is the unlawful carnal knowledge of a woman without her consent.

2. Rape.—Where woman was not wife of defendant in rape prosecution, any sexual intercourse by them was unlawful, and if without her consent it was rape.

3. Rape.—Under evidence in rape prosecution, failure of court to instruct jury under Ky. Stats., section 1158, and Criminal Code of Practice, section 239, as to lesser degree of offense, held prejudicial error; court having instructed only under Ky. Stats, section 1154, and Criminal Code of Practice, section 238.

4. Rape.—In rape prosecution, evidence relating to previous acts of intercourse between defendant and complaining witness, as bearing on question of consent, held erroneously excluded.

5. Rape.—In rape prosecution, evidence that woman failed to make any complaint about outrage in conversation a few hours thereafter held erroneously excluded; it bearing on question of consent:

6.  Rape.—Delay or failure of woman to make complaint on being raped may be accounted for by circumstances excusing such delay.

G. J. JARVIS, F. L. HUFF and R. L. POPE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Tom Adams is asking for the reversal of a judgment imposing upon him 10 years' imprisonment in the penitentiary for rape. Omitting the disgusting details, it is claimed that shortly after 1 o'clock in the early morning of July 24, 1926, Tom Adams, John Adams, and Matt Sizemore came to the home of Jeff Young, and Tom Adams, reaching through the window, took hold of Mrs. Young, who was lying in bed just next to the window, and wakened her. As a result of her outcry, her husband and family were awakened. John Adams and Sizemore in the meantime had entered the room through a door. There was some trouble in the room, and John Adams, who was an older man, told Mr. Young, if he would get out of the way, he would leave and see that the others left, and they did so. After they got out in the road, one them called for Mrs. Alice Young to come out. As she did not come out at once, one of them threw a rock through the window, broke the window, broke the lamp, spilled the oil, and it took fire. Mrs. Young's daughter extinguished the flames, and everything was in darkness. The three continued to call for Mrs. Young, and continued their threats. She came to the door, and she says they seized her and forcibly carried her to the home of Bess Hale, which was a short distance away. Bess Hale was not at home, and she was carried into a bedroom there, which was usually occupied by Matt Sizemore. There she says that they compelled her to drink some alchorub, and that after that John Adams and Matt Sizemore held her, while Tom Adams ravished her. Then Tom Adams and Sizemore held her while John Adams ravished her, and the two Adams men held her while Sizemore did the same. They then told her she could go home. She went. In a few minutes after that, her husband, Jeff Young, shot and killed Matt Sizemore. The defendant claims that Mrs. Young voluntarily went with them to the home of Bess Hale, and then after talk-

ing with them for a while, went home, and that no wrong was done her. It is claimed for them that the charge of rape was trumped up to excuse her husband for the killing of Matt Sizemore.

In Funk & Wagnalls' new Standard Dictionary, rape is defined to be "the unlawful carnal knowledge of a woman without her consent." This woman was not the wife of any of these three; hence any sexual intercourse by them with her, without her consent, was rape.

Tom Adams has alleged three grounds for the reversal of this case. The court instructed the jury under section 1154, Ky. Stats., and section 238, Criminal Code, to which instructions defendant objected and excepted. The court should have instructed the jury under section 1154 and section 1158, Ky. Stats., and sections 238 and 239, Criminal Code. The detention of a woman with the intention to have carnal knowledge of her, as defined by section 1158, is a lesser degree of the offense of rape. See Meade v. Com., 214 Ky. 88, 282 S. W. 781. The defendant admits enough that the question of whether or not he detained this woman with the intention to have carnal knowledge of her should also have been submitted to the jury by proper instructions, and the failure of the court to do so was prejudicial error.

He says the commonwealth failed to show that this crime was committed in Harlan county. The evidence showed that it was committed in the village of Kitts; but, as the case must be reversed anyway, upon the next trial the court will require the commonwealth to locate the village.

He asked the prosecuting witness, Alice Young, when she was on the stand, whether or not on previous occasions she had had sexual intercourse with Tom Adams. The objection of the commonwealth to this question was sustained, and an avowal was made that, if permitted to answer, the witness would truthfully testify, "Twice before." It appears that a deputy sheriff, Metcalf, talked with Mrs. Young within a few hours after it is claimed this happened, and when Metcalf was on the stand the defendant asked him if, in that conversation, Mrs. Young had made any complaint about an outrage being perpetrated upon her. The objection of the commonwealth was sustained, and the defendant excepted. An avowal was made that, if permitted, the witness would truthfully answer, "She did not." We have previously stated that

any intercourse between defendant and this woman would be unlawful, and to constitute the crime of rape, as defined above, it was necessary for the commonwealth to prove that the defendant had sexual intercourse with her without her consent. Evidence relative to previous acts of intercourse with the defendant should have been admitted as bearing upon the question of consent. In section 966 of Bishop's New Criminal Procedure, 4th Ed., we find this:

> "If to the defendant the woman has voluntarily surrendered her person on a previous occasion, this, even more than her being a common prostitute, indicates her willingness and his presuming on it; therefore he may show it in his defense, or call it out from her on cross-examination."

The proof of particular unlawful sexual acts may be shown upon the question of consent. Valentine v. Commonwealth, 215 Ky. 436, 284 S. W. 1114. In a like manner, the failure of Mrs. Young to complain, if she did fail, should be admitted as bearing on the question of consent. "The virtuous female, who has in fact been thus injured, will not ordinarily omit to make known by her cries the threatened crime; . . . will not suffer in silence and without as soon as practicable, making known this greatest of wrongs to her person." State v. Cross, 12 Iowa, 66, 79 Am. Dec. 519. See also, People v. Benson, 6 Cal. 221, 65 Am. Dec. 506; Oleson v. State, 11 Neb. 276, 9 N. W. 38, 38 Am. Rep. 366; Jensen v. Lawrence, 94 Wash. 148, 162 P. 40, Ann Cas. 1917E, 133.

However, "a delay, or even failure to complain at all, may be accounted for by proof of circumstances excusing such delay." Jensen v. Lawrence, 94 Wash. 148, 162 P. 40, Ann. Cas. 1917E, 133. See also Schenk v. Dunkelow, 70 Mich. 89, 37 N. W. 886; Smith v. Hendrix, 149 Iowa, 255, 128 N. W. 360; Kramer v. Weigand, 91 Neb. 47, 135 N. W. 230; 33 Cyc. 1468; and 22 R. C. L. 1187, par. 19. Upon the next trial, the court will admit the evidence indicated.

The judgment is reversed, and the defendant is awarded a new trial, to be had in conformity herewith.