## McIntosh v. Commonwealth.

(Decided March 21, 1933.)

SHUMATE & SHUMATE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

Appellant was convicted of the offense of detaining a woman against her will and sentenced to serve two years in the penitentiary. He appeals.

As grounds for reversal, he contends, first, that the verdict is flagrantly against the evidence; and, secondly, that the court erred in excluding competent evidence offered by him.

As to the first ground, although there was some other evidence introduced than the testimony of the prosecutrix and that of the appellant, the case in its final analysis rested on her word against his word. While there was a good many circumstances proven that rather tended to discredit the story told by the prosecutrix, yet, under well-settled principles, the jury was the judge of her credibility as well as that of the appellant, and, if it chose to believe her story rather than that of the appellant, it cannot be said that under the circumstances the verdict is flagrantly against the evidence.

As to the second ground, the court refused to permit the appellant to elicit from the prosecutrix how long it was after the alleged detention of her by the appellant before she made any complaint of it. Examined out of the presence of the jury, she testified that it was at least two weeks before she said anything to her husband about it, and that it was about a month before she made any move in the courts to have appellant arrested. It may not be amiss to say here that the prosecutrix had testified before the jury that, after the alleged detention, she had met the appellant at the church and at the store in which he worked and spoken to him and had been very friendly with him.

It is well settled in cases of rape that the common-wealth may prove by third parties that the outraged woman made complaint soon after the alleged attack upon her. In the case of Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781, 782, we said:

"Whatever else may be said, it is the universal rule that, in trials for the crime of rape and kindred ones, it is proper to prove the fact of complaint by the prosecutrix, and that is especially so if her statements as to what occurred are controverted by defendant, in which case the fact of complaint is admissible as corroborative of her testimony. 33 Cyc. 1463-1467, both inclusive. The notes to the text show that to the extent indicated there is no dissent by any court from the statement as made above, and we have adopted and applied it in a number of cases, some of which are Douglas v. Commonwealth, 68 S. W. 1107, 24 Ky. Law Rep. 562, Gravitt v. Commonwealth, 212 S. W. 430, 184 Ky. 429, and Kirby v. Commonwealth, 275 S. W. 866, 210 Ky. 353. The text in the volume of Cyc. referred to also says that:

" 'By the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony, unless the statement is part of the res gestæ.' "

As stated in 52 C. J. 1063:

"Such evidence is admitted for the purpose of confirming the testimony of the ravished woman, and not as proof that the crime was in fact committed, or as evidence of the truth of the facts complained of, but merely to rebut the inference of consent that might be drawn from her silence; in fact, it has been stated that such evidence is not received to corroborate the prosecutrix, but rather to support her credibility by meeting any possible inference of self-contradiction in her conduct in the absence of a complaint."

It is also settled that the defendant in such cases may examine the woman on the question whether or not she made any complaint after the alleged attack; it being open to her, if she made no complaint, to ex-

plain why she made no complaint. The reason for the admission of such testimony is thus stated in Adams v. Commonwealth, 219 Ky. 711, 294 S. W. 151, 152:

"In a like manner, the failure of Mrs. Young to complain, if she did fail, should be admitted as bearing on the question of consent. 'The virtuous female, who has in fact been thus injured, will not ordinarily omit to make known by her cries the threatened crime; * * * will not suffer in silence and without, as soon as practicable, making known this greatest of wrongs to her person.' State v. Cross, 12 Iowa, 66, 79 Am. Dec. 519. See, also, People v. Benson, 6 Cal. 221, 65 Am. Dec. 506; Oleson v. State, 11 Neb. 276, 9 N. W. 38, 38 Am. Rep. 366; Jensen v. Lawrence, 94 Wash. 148, 162 P. 40, Ann. Cas. 1917E, 133.

"However, 'a delay, or even failure to complain at all, may be accounted for by proof of circumstances excusing such delay.' Jensen v. Lawrence, 94 Wash. 148, 162 P. 40, Ann. Cas. 1917E, 133. See, also, Schenk v. Dunkelow, 70 Mich. 89, 37 N. W. 886; Smith v. Hendrix, 149 Iowa, 255, 128 N. W. 360; Kramer v. Weigand, 91 Neb. 47, 135 N. W. 230; 33 Cyc. 1468; and 22 R. C. L. 1187, par. 19."

It is equally settled that, in cases of detaining a woman against her will, it is not open to the commonwealth to prove by a third party that the woman made complaint shortly after the alleged detention. Ingram v. Commonwealth, 225 Ky. 314, 8 S. W. (2d) 389; Kirby v. Commonwealth, 210 Ky. 353, 275 S. W. 866. The reason for the distinction in the admission of such testimony between this character of case and a rape case is as thus stated in the case of Douglas v. Commonwealth, 68 S. W. 1107, 24 Ky. Law Rep. 562:

"The law is well settled that in prosecutions for rape, where the party injured is a witness, it is competent, for the purpose of corroborating her testimony on the trial, for the commonwealth to prove that she made complaint of her injuries immediately after the occurrence, notwithstanding the fact that such testimony is hearsay. See Whart. Cr. Ev. sec. 273, and 19 Am. & Eng. Enc. Law, 959. But this rule, so far as we are advised, has been confined to prosecutions for rape, and in many

jurisdictions it has been seriously doubted whether, even in cases of rape, statements made by the prosecutrix of details and circumstances were admissible.''

It is now argued by the commonwealth that, inasmuch as it may not prove by a third party in these cases of detaining a woman against her will that the woman made complaint, it follows that the defendant may not prove by an examination of the woman herself that she made no complaint. The conclusion by no means follows from the premise. The reasons for the rule permitting the commonwealth in rape cases to prove by third parties that the woman made complaint is entirely distinct from the reasons of the rule permitting the defendant in such cases to prove by the alleged victim that she made no complaint. In the former case, the evidence is admitted merely to corroborate the evidence of the prosecutrix and to bolster her credibility. It is an exception to the hearsay rule. In the latter case, the evidence is admitted as substantive, bearing on the issue of consent vel non and constitutes no exception to the hearsay rule. The courts are reluctant to encroach on the hearsay rule, and this, no doubt, is the main reason why they refuse to extend. the rule in rape cases of admitting testimony of third parties concerning complaints of victims to cases of detaining a woman against her will. But there is no such element of hearsay involved when it is sought to establish by the woman herself that she made no complaint. whether the case be one of rape or one of merely detaining her against her will. The issue of consent vel non is as acute in these cases of detaining a woman against her will as it is in the rape cases. We are convinced that, in these cases of detaining a woman against her will, even as in rape cases, the defendant should be permitted to establish, if he can, by the prosecutrix, that she made no complaint; she being, of course, permitted, if she has made no complaint, to explain why she has made no complaint. It follows, therefore, that the court erroneously excluded the testimony now in question from the jury.

In view of the fact that this case depended on the credit to be given to the prosecutrix' story and there were so many circumstances tending to discredit that story, and in view of the fact that she admitted that after the alleged detention she was on quite friendly

terms with the appellant, we are of the opinion that the exclusion of the testimony involved was prejudicial, for which reason the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.