## YOUNG v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 17, 1951.

H. C. Kennedy, Somerset, Gladstone Wesley, Somerset, for appellant.

A. E. Funk, Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

HELM, Justice.

Appellant, charged with detaining a female with intent to have carnal knowledge with her, was found guilty and his punishment fixed at two years imprisonment. He appeals, assigning as errors: (1) The court erred in overruling appellant's motion for a directed verdict; (2) the court erred in failing to instruct the jury on assault and battery; (3) the court erred in the formation of the jury; and (4) the court erred in admitting incompetent evidence and in overruling appellant's motion to discharge the jury because of an im·proper question.

Appellant, 26, after graduating from high school at Stearns, in McCreary County, was in the Navy for three years. After his return, he attended an embalming school in Louisville for a year. After graduation from that school, he was an apprentice for two years in Harlan and Leslie counties. After receiving his license he was employed as an embalmer at Eli Ward's Funeral Home in Science Hill, Pulaski County, in January, 1950.

The prosecuting witness, 11, in the fifth grade, lived about 300 feet from the funeral home. She had known appellant since he came to Ward's. She testified that on Friday, July 7, 1950, she, her sister, and a granddaughter of Eli Ward were riding their bicycles near the funeral home. The prosecuting witness also rode a pony in the back yard of the funeral home. The children had been accustomed to playing about the funeral home. The three little girls asked appellant, who was sitting on the front porch of the funeral home reading a book, to play hide-and-seek with them about the funeral home building. The prosecuting witness says that while she and appellant were hiding from the other children in a room of the funeral

home, appellant put his hand under her clothes. Later the other two girls went to get "cokes." The prosecuting witness says that while they were gone appellant called her to a room of the funeral home and again put his hand under her clothes.

Appellant says that he was playing hide-and-seek with the children; that he was in a room with her hiding from the other children hunting them, but that he did not put his hands on her. He says that after the other girls went for the cokes he was on the front porch of the funeral home and that he did not go into a room, or call the prosecuting witness into a room, or in any way molest her. In this he is corroborated by other witnesses.

In the cross-examination of appellant, employed counsel for the prosecution asked him if he had not "got in the same kind of trouble" in Leslie County as is charged in this case. Appellant's counsel objected to the question and moved that the court discharge the jury and continue the case to the next term of the court. The court overruled the motion to discharge the jury, sustained the objection, and admonished the jury not to consider the question, to which ruling appellant excepted.

Appellant introduced the county judge, his wife, the sheriff, a minister, a banker and others from McCreary County, who testified that appellant's general moral reputation was good. On cross-examination of these witnesses by employed counsel for the Commonwealth, five of these witnesses from McCreary County who had testified as to the good moral reputation of appellant were asked if they knew his reputation in Leslie County. Appellant urges that these witnesses were each asked as to his reputation in Leslie County to emphasize in the minds of the jury the improper question which had been asked appellant on cross-examintion as to his having been in trouble in Leslie County on a charge similar to that here, and insists that for this reason the case should be reversed.

■ Appellant was not asked if he had been convicted of a felony in Leslie County, but was asked an improper ques-

tion which would tend to prejudice and inflame the jury against him. The jury, it is true, was instructed not to consider the question, but it was recalled to their minds five times by cross-examination of five different witnesses for appellant. Obviously, owing to the nature and facts of this case, this line of questioning was highly prejudicial to appellant. Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196.

■ The mother of the prosecuting witness was permitted, over the objection of appellant, to relate what she says the little girl told her after she came home about appellant's "mistreating" her. In McIntosh v. Commonwealth, 248 Ky. 297, 58 S.W.2d 584, 586, we said:

"It is equally settled that, in cases of detaining a woman against her will, it is not open to the commonwealth to prove by a third party that the woman made complaint shortly after the alleged detention. Ingram v. Commonwelth, 225 Ky. 314, 8 S.W.2d 389; Kirby v. Commonwealth, 210 Ky. 353, 275 S.W. 866. The reason for the distinction in the admission of such testimony between this character of case and a rape case is as thus stated in the case of Douglas v. Commonwealth, 68 S.W. 1107, 24 Ky.Law Rep. 562:

" 'The law is well settled that in prosecutions for rape, where the party injured is a witness, it is competent, for the purpose of corroborating her testimony on the trial, for the commonwealth to prove that she made complaint of her injuries immediately after the occurrence, notwithstanding the fact that such testimony is hearsay. See Whart. Cr. Ev. § 273, and 19 Am. & Eng. Enc. Law, 959, But this rule, so far as we are advised, has been confined to prosecutions for rape, * * *.' "

■ The evidence was sufficient to take the case to the jury, so that the court properly overruled the motion for a directed verdict.

■ Appellant urges that an assault and battery instruction should have been given. We have made a careful examination of the record. Unless the testimony should be different on another trial, we do

not believe an assault and battery instruction should be given.

In the formation of the jury, counsel for appellant asked a question, apparently in an endeavor to secure information to which he was entitled. The court sustained an objection to the question as framed by counsel. We are not able to say that this was an abuse of the court's discretion.

The judgment is reversed.