## John CORNWELL, Appellant,

v.

### COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Thomas P. Senff, Mt. Sterling, for appellant.

**564**

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Ass't. Atty.Gen., Jo M. Ferguson, Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Appellant, John Cornwell, was convicted of detaining a woman against her will with intent to have carnal knowledge of her, in violation of KRS 435.110, and sentenced to two years in the penitentiary. On this appeal the sole contention is that the court erred prejudicially in permitting the father of the prosecutrix to state what his daughter told him concerning her alleged mistreatment by the accused. The conversation between the father and the complaining witness took place out of the presence of appellant.

Tony Rothwell, the father of the girl involved, upon direct examination was asked this question: "When your daughter came to your home what was her condition?" He was permitted to answer as follows: "She was crying. I said, 'Gerry, what are you doing staying out this way?' She said, 'I couldn't get in.' I slapped her face twice. I said, 'Did the boys harm you in any way?' She said, 'Yes, dad, they did.' I said, 'Get ready now. I will take you to the doctor.'" This testimony was objected to but the objection was overruled, appellant excepting to this ruling. The prosecutrix, without objection on the part of appellant, testified on direct examination to substantially the same facts her father related, and appellant's counsel on cross-examination elicited from this witness similar evidence as to what had occurred to her.

It is true, as argued by appellant, this Court has held in many cases, including the ones cited in the brief of his counsel, when one is charged with detaining a woman against her will it is not open to the Commonwealth to prove by a third party that the woman made complaint shortly after the alleged detention. See Young v. Commonwealth, Ky., 238 S.W.2d 994; McIntosh v. Commonwealth, 248 Ky. 297, 58 S.W.2d 584; Gravitt v. Commonwealth, 184 Ky. 429, 212 S.W. 430; Douglas v. Commonwealth, 68 S.W. 1107, 24 Ky. Law Rep. 562. However, this type of error has been held not to be prejudicial where, as in this instance, the prosecutrix testified to the same matter herself on direct examination without objection and on cross-examination she was interrogated with reference thereto by counsel for the defendant. See Kirby v. Commonwealth, 210 Ky. 353, 275 S.W. 866.

In rape cases this Court has consistently adhered to the rule that a third person may prove the bare fact of complaint made immediately after the act by the prosecutrix, although such testimony is hearsay, on the theory it is part of the res gestae. On the other hand, where the charge is that a woman has been detained against her will, which is the character of case before us, the general rule is that the report of the crime by the victim to a third person may not be testified to by the latter.

In some of the early opinions of this Court a distinction was made between these two crimes, but in Meade v. Commonwealth, 214 Ky. 88, 282 S.W. 781, those cases were reviewed and it was declared to be the settled law of this state that detaining a woman against her will is a lesser degree of the crime of rape. More than that, in Fagan v. Commonwealth, 38 S.W. 431, 18 Ky.Law Rep. 714, it was said that to show rape had been committed the Commonwealth must have proved, as a condition precedent, acts which would establish the detention.

Since the offenses of rape and detention of a woman against her will are kindred crimes, we believe there is no sound reason for allowing a third person to testify to the fact of complaint by the prosecutrix in a rape case and for not permitting this character of evidence to be given by such a witness in a detaining case. We have read most of the opinions dealing with this question and none has disclosed with any semblance of logic why this type of evidence is competent in the one instance and incompetent in the other. Therefore, those decisions of this Court upholding the principle in detention cases that a third person

may not testify to the bare fact that the victim made complaint immediately after the occurrence of the act be and they are hereby overruled and we hold that the rule of evidence obtaining in this respect in rape cases is henceforth applicable to detaining cases.

Wherefore, the judgent is affirmed.