ESTATE OF GUSTAF DAVIDSON v. ANDREW DAVIDSON ET AL.

FILED DECEMBER 16, 1903. No. 13,335.

Instruction: PROOF. The expression "unequivocal evidence," in the syllabus and opinion in *McCoy v. Conrad*, 64 Neb. 150, was intended as the equivalent of "evidence of an unequivocal act or conduct." A simple preponderance of the evidence is all that is required to maintain an issue of fact in a civil action.

ERROR to the district court for Phelps county: ED L. ADAMS, JUDGE. *Reversed.*

*Hector M. Sinclair* and *Shafer & Clay,* for plaintiff in error.

*John L. McPheeley, William P. Hall* and *E. W. Reed,* contra.

AMES, C.

This proceeding is a contest of the probate of an alleged will of one Gustaf Davidson, deceased. It is not contended that the name of the decedent, which is subscribed to the instrument, was written by him or by his direction. But there is a cross mark with pen and ink between his

Christian and surname which one party alleges, and the other denies, that he made himself, intending the same as his signature. The jury were instructed, in substance and without exception, that such a mark, so made, with such intent, would be a sufficient signing within the meaning of the law; but the court also gave the following instruction, which was excepted to and of which complaint is made in this proceeding in error:

"You are further instructed that it is incumbent upon Caroline Davidson, the proponent, to establish by unequivocal evidence that Gustaf Davidson, deceased, gave directions to the witness, P. O. Hedlund, to write his signature to the instrument in controversy, or to make his mark thereto for him, consciously and explicitly, and in the free and voluntary exercise of his faculties, or you must find by such preponderance of the evidence that the said Gustaf Davidson made the mark, and for his signature, intending the same as his signature to said instrument, before you would be warranted in bringing in a verdict for the proponents."

This instruction, which is copied in part from the opinion of this court in *McCoy v. Conrad,* 64 Neb. 150, is criticised upon two grounds; the first being because of the use of the phrase, "unequivocal evidence." Whether there is a notable difference in meaning between that phrase and the expression "evidence of an unequivocal act or conduct," such that the former would presumably mislead a jury, we are in doubt. The latter more accurately conveys the idea which, it is apparent from the context, the writer of the opinion had in mind. Literally it is doubtless true that equivocal evidence and evidence of an equivocal act, are not the same things, though practically and colloquially they often are. Doubtless the latter expression would be better chosen.

A more serious objection to this instruction is that it confuses the subscription of the testator's name, which was not in controversy, with the making of his mark, which was so, and indicates by the words, "such prepon-

derance," that more than a simple preponderance of the evidence is required to establish that he made his mark, "intending the same as his signature to the instrument." If he made the mark himself, and of his own volition, there would, in ordinary circumstances, be no less presumption that he intended it for his signature than if he had subscribed his own name. The instruction, however, seemed to cast some suspicion upon the mere fact that he made his mark, if he did so, instead of writing his name, and to call for some evidence to overcome it. This we think was error.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.