ANNA ELLIG, APPELLEE, v. THOMAS POWELL, APPELLANT.

FILED JANUARY 8, 1932. No. 28017.

*Bartos, Bartos & Placek,* for appellant.

*John E. Lowe, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

CHASE, District Judge.

This is a civil action brought by Anna Ellig as plaintiff, against Thomas Powell, as defendant, to recover damages for an alleged assault and battery.

The facts upon which she relies for recovery, if it were a criminal prosecution, would amount to the crime of rape. The case was tried to a jury, resulting in a verdict of $1,250 for the plaintiff, whereupon the defendant filed a motion for a new trial, which was overruled by the trial court, and judgment on the verdict rendered. From the action of the trial court in overruling the motion for a new trial and entering judgment on the verdict, the defendant has appealed to this court. For the purpose of convenience the parties will be termed plaintiff and defendant as they were in the court below.

Several grounds for reversal are urged by the defendant. One is that the judgment is not supported by the evidence. It would serve no good purpose to detail at length this salacious story. We have carefully read the record, unsavory as it is, and reach the conclusion that from all the facts and circumstances disclosed thereby the evidence is amply sufficient to support the verdict as to this complaint of the defendant.

Another assignment of error is that the proof of resistance on the part of the plaintiff, required in cases of this character, was not sufficient to support a recovery.

The plaintiff testifies that on and prior to this episode she was living on a farm with her parents in Johnson coun-

ty; that she and the defendant, together with another young couple, had been attending a charivari at a place some miles distant from her home; that these four persons rode in a Ford coupé, the other couple in the front seat, and plaintiff and defendant in the rumble seat; that on the night in question, on their return to a point near the plaintiff's home, they passed an orchard, and some one of the party suggested that they get out of the automobile in which they were riding and go into the orchard in search of apples. This they did, the plaintiff and defendant after entering the orchard, going in one direction and the other couple in another; that while the plaintiff and defendant were in the orchard, in the absence of the other couple, the plaintiff testifies that the defendant purposely tripped her, causing her to fall upon the ground, and while in that position he forcibly ravished her. The plaintiff detailed numerous acts in attempt to prevent the assault, from which the jury could rightly conclude that she resisted the aggression of the defendant.

The defendant, in his testimony, denied ever having been at the orchard at all on that occasion, and also denied that he committed any assault upon the plaintiff whatever. The other two persons in company with them both testify that they never stopped at the orchard, as detailed by the plaintiff.

The defendant in his brief contends that the record does not disclose any resistance sufficient on the part of the plaintiff to justify a recovery. It must be remembered that this is a civil action as distinguished from a criminal prosecution. Defendant cites *Kramer v. Weigand,* 91 Neb. 47, in support of his contention. A careful reading of this case convinces us that it completely disposes of defendant's contention against him. The question of whether or not the plaintiff resisted to the extent of her physical ability was a question for the jury to determine, and the jury, having had all the evidence before them, in finding for the plaintiff, must have reached the conclusion that the plaintiff resisted the defendant to the extent of her physical

ability. The decision of the jury upon questions of fact of this character is final, when submitted under appropriate instructions, and we find no complaint as to the instructions given by the trial court.

In the case above mentioned, which was a case of forcible ravishment, the same as the one at bar, the court made use of the following language:

"It is well-settled law that the weight of evidence showing a failure to make an outcry or to complain of an assault are questions for the jury in a civil action."

As to this contention we hold that the question of whether or not the plaintiff resisted the embraces of the defendant to the extent of her physical ability was a question to be determined by the jury, whose finding will not be disturbed unless it appears that the conclusion reached is manifestly wrong.

The defendant assails the verdict for the further reason that it is based on the uncorroborated testimony of the plaintiff. It has been held on numerous occasions, by this court and others, that in civil actions a mere preponderance of the evidence is sufficient upon which to base a finding. The court submitted the issues upon this question to the jury under instructions not questioned by the defendant, and the jury, by their verdict, found that the evidence preponderated in favor of the plaintiff. We find no cases cited and we have discovered no rule of evidence harsh enough to require a female, before she can recover damages in a civil action against one who, if prosecuted criminally, would be a rapist, to produce a witness either to the overt act or to a circumstance so closely connected therewith as would amount to corroboration. An act such as the one complained of, from the very instincts of human nature, is not likely to be committed in the presence of witnesses, or under such circumstances that corroborating evidence could ordinarily be obtained to support the truth of the plaintiff's claim.

The defendant further argues that the verdict is excessive and the amount thereof should be reduced by this

court. It appears that the plaintiff was a young woman, 24 years of age, very little accustomed to the ways of the world, as her parents had guarded her conduct quite closely up to this particular occasion, chaste for aught the record discloses to the contrary. The jury found that she was forcibly ravished, her chastity violated, and ruthlessly maltreated by the defendant without her consent and against her will. It was her right, as a matter of law, to go through life with her purity undefiled, and be secure from any forcible invasion of her person by another. To have such rights wantonly trespassed upon ought not to be regarded as a trivial matter.

In view of all the facts shown by the record, we are unable to agree with counsel that the judgment is excessive. The judgment therefore is

AFFIRMED.