### CATLETT v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 22, 1952.

C. Boyd Green, Shelbyville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, James Catlett, was convicted of the rape of a 9 year old girl and sentenced to life imprisonment. He contends that the evidence was insufficient to sustain the verdict.

The evidence for the Commonwealth concerning the crime consisted mainly of the testimony of the child. The defendant denied, in practically every detail, the testimony given by her. The mother of the child testified that her daughter left home with defendant a short time before the commission of the act. The child testified positively to acts which showed that appellant had carnal knowledge of her without consent. A doctor summoned shortly afterwards testified that the child had been penetrated and injured. In appellant's brief it is pointed out that a number of contradictions exist in the prosecutrix' testimony. In some instances statements made by her before the grand jury were in conflict with statements made at the trial. She became somewhat confused on cross-examination and made conflicting statements about minor details. Several witnesses introduced in behalf of the defendant also gave testimony that conflicted in some details with the testimony given by the child. These matters are considered in connection with the credibility of the witnesses.

Appellant's argument overlooks the principle that the jury was the exclusive judge of the credibility of the witnesses and had the right to believe or disbelieve the evidence introduced by the Commonwealth or believe or refuse to believe the testimony of the defendant and of wit-

nesses produced in his behalf. We are of opinion that the evidence is sufficient to sustain the verdict.

It is suggested in the brief filed by the attorney general that the instructions given by the court permitted the jury to impose a greater penalty than that authorized as punishment for the crime for which he was indicted. The indictment reads as follows:

"The grand jury of Shelby County, in the name and by the authority of the Commonwealth of Kentucky, accuse James Catlett, a male person over 21 years of age, of the crime of unlawfully and feloniously carnally knowing, *without her consent, by force,* a female child, not his wife, nine years of age, committed in the manner and form as follows, to-wit:

"The said defendant, James Catlett, in the said county of Shelby, on the 5th day of March A. D. 1950, and before the finding of this indictment, did unlawfully, wilfully, feloniously, without her consent, by force, he being a male person over 21 years of age, carnally know and have sexual intercourse with Shirley Mae Rucker, a female child, not his wife, nine years of age.

"Contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

On the back of the indictment, in addition to the style of the case, appears the endorsement of the foreman of the grand jury and the clerk, and this notation: "Indictment for carnal knowledge."

It is suggested that the accusative part of the indictment charges defendant with a crime under KRS 435.100, which reads:

"(1) Except as provided in subsection (2) of this section, any male person who carnally knows, *with her consent,* any female child, not his wife, and any female person who carnally knows any male child, not her husband, shall:

"(a) If the child is under twelve years of age, be punished by confinement in the penitentiary for not less than twenty nor more than fifty years, or by death",
and that the trial court erred in instructing the jury that:

"If the jury believe from the evidence beyond a reasonable doubt that in this county and before the finding of the indictment, the defendant, James Catlett, a male person over twenty-one years of age, did unlawfully, wilfully and feloniously, *by force and without her consent,* have carnal knowledge of Shirley Mae Rucker, a female child, not his wife, nine years of age, they should find him guilty of rape and fix his punishment at confinement in the Penitentiary for life or at death in their discretion.

"Unless the jury believe the defendant has been proven guilty beyond a reasonable doubt they should find him not guilty."

■ The indictment does not charge an offense *with the consent* of the child. The indictment accuses appellant of "carnally knowing, *without her consent,* by force," the infant child. "Rape" is the unlawful carnal knowledge by a male of a female by force and without her consent. 44 Am.Jur., Rape, Section 2; Adams v. Commonwealth, 219 Ky. 711, 294 S.W. 151. KRS 435.080 provides: "Any person who commits rape upon a child under twelve years of age shall be punished by confinement in the penitentiary for life, or by death."

■ Therefore, the indictment properly charged rape of a child under twelve years of age, and the instruction correctly defined the punishment which should be applied.

The judgment is affirmed.